*In re* St. Paul German Insurance Co.

58    163
84    119
84    137

Argued June 26, 1894.  Reversed July 11, 1894.

No. 8857.

**Limitation of action by policy of insurance construed.**

> Where an insurance company issued a policy of insurance insuring
> against loss by fire, requiring any action or proceeding to recover any
> such loss to be commenced within one year after such loss occurred, and
> within the life of the policy a loss occurred, and thereafter within the year
> the insurer made an assignment under the insolvency law of this state,
> and the insured did not file his claim with the assignee until more than a
> year after such loss, *held*, such claim was not barred as to the fund in
> court by reason of the limitation in the policy.

Appeal by claimant, Proctor W. Screven, from an order of the
District Court of Ramsey County, *Hascal R. Brill*, J., made January
29, 1894, overruling his demurrer.

On September 22, 1891, the St. Paul German Insurance Company
insured Proctor W. Screven in the sum of $1,268 against loss by
fire in his Cotton Gin plant on his plantation at Beaufort, S. C.
The policy contained a provision that no suit or action thereon for
the recovery of any claim should be sustainable in any court of law
or equity unless commenced within twelve months next after the
fire.   A loss occurred November 17, 1891, and Screven made proofs
claiming $1,000.    The Insurance Company became insolvent, and on
April 14, 1892, made an assignment under Laws 1881, ch. 148, of
all its property to J. F. Franzen in trust for its creditors.   He ac-
cepted the trust, and an order was made limiting the time for filing
claims to October 15, 1893.    Screven failed to file proof of his claim
within the time, but was on November 25, 1893, relieved by order
and allowed to file proof of his claim within three days thereafter.
He did so, but the assignee disallowed the claim, and Screven ap-
pealed to the District Court.    Pursuant to the practice (Rule IX.)
he restated his claim in the form of a complaint.    The assignee an-
swered that the policy was cancelled before the fire for nonpayment
of the premium.    For a second answer he set forth the provision

of the policy above mentioned, and stated that no action or proceeding was commenced to recover the claim within the period of twelve months next after the fire. To this second answer the claimant demurred. The trial court overruled the demurrer, and the claimant Screven appeals.

*Ambrose Tighe*, for appellant.

Screven, having suffered a loss less than one year before the assignment, filed his claim with the assignee more than one year after the loss. Can he participate in the benefits of the assigned estate? He claims it was enough for him to simply file his claim with the assignee within the limit set by the court for that purpose in the insolvency proceedings, even though this limit was more than a year after the date when his claim accrued. If the appellant's rights, as far as participating in the assigned estate is concerned, are to be determined by the condition of his claim at the date of its filing with the assignee, then the demurrer should have been overruled. If, on the other hand, they are to be determined by the condition of his claim at the date of the assignment, then the demurrer should have been sustained. He submits that both precedent and reason agree in saying that it is the date of assignment which controls, and not the date of the proof. *In re Eldredge*, 12 Nat. Bankr. Reg. 540; *In re Wright*, 6 Biss. 317; *In re Maybin*, 15 Nat. Bankr. Reg. 468; *Minot* v. *Thatcher*, 7 Met. 348; *Richardson* v. *Thomas*, 13 Gray, 381; *Collester* v. *Hailey*, 6 Gray, 517; *Ex parte Ross*, 2 G. & J. 46; *In re Leiman*, 32 Md. 225.

This court has repeatedly recognized the analogy of receivership proceedings under 1878 G. S. ch. 76, and of insolvency proceedings under Laws 1881, ch. 148, to proceedings under the National Bankruptcy Act. *Farmers' L. & T. Co.* v. *Minneapolis E. & M. Works*, 35 Minn. 543; *Merrill* v. *Ressler*, 37 Minn. 82.

An assignment for the benefit of creditors under Laws 1881, ch. 148, is a proceeding voluntarily inaugurated by the insolvent for the benefit of all creditors who may elect to take advantage of it. It constitutes, in effect, an equitable attachment levied upon all the assets of the insolvent. Subject to the lien thus attached, the insolvent estate is held in trust by the assignee from the moment of

the assignment. Each creditor at that moment becomes a *cestui que trust*, acquires a vested interest in the trust estate, and begins, through the instrumentality of the trust thus established, to enforce his claim upon the estate. *In re Nicolin*, 55 Minn. 130.

As far as the assertion of the remedies of the claimant against the insolvent estate in the hands of the assignee is concerned, claimant began to pursue his remedies, or in other words, commenced his suit or action on the policy for the recovery of his claim within twelve months next after the fire.

*C. D. & Thos. D. O'Brien*, for respondent.

It is conceded by the claimant that the provision of the policy is effective against any suit at law brought by him against the insurance company; but he claims that the making of the assignment by the company operated to suspend all limitations upon claims to be proved in that proceeding, and as the year had not elapsed at the time of the assignment, he has a right to enforce his claim notwithstanding the provisions of the policy. The Federal decisions cited are inapplicable because under the Federal bankruptcy act the termination of the proceedings operated as a discharge of the bankrupt from all indebtedness, whether proven or not. Besides, under that law no action could be commenced in the courts. The pendency of the bankruptcy proceedings was an absolute bar to the prosecution of an action upon the law side of the court. Again, the limitation in the policy is not a statutory limitation, but a limitation by express contract. It requires the claimant under the policy to proceed by suit or otherwise within the year. The intervention of insolvency proceedings, either under the former Federal bankrupt act or under an assignment, does not suspend the operation of an express contract between the parties. The word "proceeding" in the policy contemplates any method of enforcing the claim, and must be held to include insolvency proceedings as well as actions at law.

CANTY, J. The St. Paul German Insurance Company issued a policy of insurance to appellant insuring his property against loss by fire for one year from September 22, 1891. Thereafter, on November 17, 1891, a loss occurred. Thereafter, on April 14, 1892, the

company, being insolvent, made an assignment, under the insolvency law of this state, for the benefit of its creditors, to J. F. Franzen.

The policy of insurance contained a provision requiring the insured to commence any suit or proceeding to enforce any claim for loss within one year from the time of the loss.    The appellant did not file its claim for such loss with such assignee within one year from the time of the loss, or until November 28, 1892.    For this reason the court below held that the claim was barred by the limitation provided in the contract, and that appellant could not recover, and he appeals to this court.

It is urged by respondent that because the statute of limitations continued to run against this claim as a personal liability of the insolvent, and, as against it, was barred before this claim was filed with the assignee, it ceased to be a claim against his assigned estate.

We do not agree with respondent.    We are of the opinion that the conditions requiring the bringing of an action on this claim within the year was waived by the insurer by providing a fund for the payment of the claim, to the extent of that fund.    We cannot see why such conditions in an insurance policy cannot be waived by the insurer as well as other conditions in it.    This provision is intended for the protection of the insurer when he disputes the claim, and can hardly apply when he has provided a fund for its payment, at least to the extent of that fund.    If A. is indebted to B., and, a short time before the statute of limitations runs on the debt, A. transfers property to C., to be by him disposed of, and the proceeds applied on the debt, will this not interrupt the running of the statute, at least as to this fund?    On well-settled principles, it will, and B. can charge C. as trustee after the time the statute would have run were it not for the creation of the trust.    Payment of money into court in a suit on a debt takes the debt out of the statute of limitations as to the money so paid into court.    *Long* v. *Greenville*, 3 Barn. & C. 10.    Such an assignment for the benefit of creditors is for the benefit of all creditors whose claims are not barred by the statute of limitations at the date of the assignment, and, if not then barred, are not barred afterwards during the pendency of the proceedings.    *In re Leiman*, 32 Md. 225.    See, also,

*Minot* v. *Thacher*, 7 Metc. (Mass.) 48; 2 Wood, Lim. (2d Ed.) § 202. This rule has also been applied by the Federal courts in bankruptcy proceedings, under the United States Statutes. Bump, Bankr. (10th Ed.) 581.

The order appealed from should be reversed. So ordered.

MITCHELL and BUCK, JJ., took no part.

(Opinion published 59 N. W. 996.)