JOHN H. WILLOUGHBY and Others v. ST. PAUL GERMAN INSURANCE
COMPANY and Others.[1]

68    373
84    119
.d84   137

May 26, 1897.

Nos. 10,594—(139).

**Action on Insurance Policy—Limitations.**

> An insurance company duly insured certain property, which was after-
> wards damaged by fire, and the extent of such damage was adjusted by
> it and the insured, but there was no adjustment by the parties of any
> liability on the part of the insurer, and no promise to pay the damage.
> The policy provided that no suit or action on said policy should be sus-
> tained in any court of law or equity unless commenced within twelve
> months after the fire. More than a year elapsed before an action was
> brought by the insured. *Held*, that the mere adjustment of the amount
> of the loss by the parties was not of itself an admission on the part
> of the insurance company that any liability existed against it on such
> policy, or raised an implied promise to pay it, and that the action was
> barred by the statute of limitations.

Action in the district court for Ramsey county against defendant
corporation, an insolvent, and its stockholders. August Steffen, as a
creditor, filed his complaint in intervention. Certain defendants an-
swered his complaint setting up the proviso in the policy which is
mentioned in the syllabus. From a judgment entered pursuant to
the findings and order of Brill, J., the intervenor appealed. Affirmed.

*Charles J. Berryhill*, for appellant.

To the point that the adjustment avoided the twelve months lim-
itation, cited Smith v. Glen, 62 N. Y. 35; Illinois v. Archdeacon, 82
Ill. 236; Farmers v. Chestnut, 50 Ill. 111; Wagner v. Dwelling, 143
Pa. St. 338; Godchaux v. Merchants, 34 La. An. 735; Stache v. St.
Paul, 49 Wis. 89; Fishbeck v. Phœnix, 54 Cal. 422; Peoria v. Hall,
12 Mich. 202.

*Young & Lightner*, for respondent.

The fact that the loss has been adjusted by the insurer does not
necessarily entitle the assured to recover that amount. The adjust-
ment itself merely amounts to an admission on the part of the insured
that the sum fixed is due, if the insured is entitled to have anything

[1] Reported in 71 N. W. 272.

under the policy, and does not estop the insurer from setting up a breach of any of the conditions of the policy that operate to defeat the insurer's liability. 2 Wood, Fire Ins., § 482. Citing also, Smith v. Glen, 62 N. Y. 85; Wagner v. Dwelling, 143 Pa. St. 338; Farmers v. Chestnut, 50 Ill. 111. That the adjustment of the amount of the loss is not the making of a new contract, and does not prevent the pleading of the year's limitation, see Garretson v. Hawkeye, 65 Iowa, 468; Whipple v. North, 11 R. I. 139; Universal v. Weiss, 106 Pa. St. 20; Stockton v. Glen, 93 Cal. 557; Soars v. Home, 140 Mass. 343; Chandler v. St. Paul, 21 Minn. 85; Johnson v. American, 41 Minn. 396.

BUCK, J. This is an appeal by the intervenor from a judgment disallowing his claim in a suit against the stockholders of St. Paul German Insurance Company, an insolvent corporation. There is no settled case, and the only question is whether the facts stated in the decision sustain the conclusions of law. The following facts were found by the trial court, viz.:

"That the St. Paul German Insurance Company issued to said Steffen the policy of insurance referred to in his claim; that by said policy it was provided that no suit or action on said policy for the recovery of any claim should be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire; that a loss occurred under said policy on the 2d day of April, 1892; that notice of such loss was duly given to said insurance company and thereafter, and on or about April 11, 1892, the amount of the loss and damage by said fire was adjusted at the sum of $2,795; that said insurance policy provided for insurance to the amount of $5,000; that on April 14, 1892, said insurance company made an assignment under the insolvency law of the state of Minnesota to one J. F. Franzen, and that thereafter said Steffen duly filed his claim with said Franzen, as assignee in insolvency, which claim was in said proceedings allowed by said assignee, and a dividend thereon paid of six per cent. about November 1, 1895; that this present action was not commenced until on or after December 1, 1893; that no suit or action upon said policy for the recovery of any claim was commenced in any court of law or equity within twelve months next after said fire and loss, or after said adjustment, or after said loss occurred, and said claim was not exhibited or filed in this action; and that this

action was not commenced until more than twelve months after said fire and loss or adjustment."

In addition to the foregoing stipulation, the policy of insurance referred to was introduced in evidence at the hearing without objection. Said policy contains provisions that in case of fire the insured should submit proofs of loss to said company, and what they should contain, and that the company might make examinations, and that, in case of the disagreement of the parties as to the amount of loss, appraisers should be selected to determine the amount of the loss; and said policy contains the further provision:

"This company shall not be held to have waived any provision or conditions of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal, or to any examination herein provided for."

Upon these facts the court found as a conclusion that by reason of the one-year limitation contained in the policy Steffen is barred from maintaining any action upon said policy, and from asserting his claim in this action, and disallowed his claim.

The appellant insists that when an insurance company adjusts a loss, the right under the policy provisions to demand arbitration, as well as a short statute of limitations, becomes immaterial, and, if a suit becomes necessary to collect the amount, the complaint would be based, not upon the policy, but upon the adjustment; and that in such case the policy would be set forth solely by way of inducement; and that the term "adjusted," as stated in the finding of the trial court, imports a compromise; that the compromise and implied promise to pay the amount adjusted form a new contract, for which it is claimed that upon the face of the findings there appears to be ample consideration. But the finding relates merely to the amount of the loss and damage by the fire, which was adjusted at the sum of $2,795, and not to any adjustment of the amount due from the company to the insured. The distinction between adjusting the amount of the damage done by the fire and the sum for which the company is liable is very apparent. In the first case there would be a recognition of the extent of damage done by the fire; in the latter, a recognized liability, properly adjusted by the parties. But the mere fixing of the amount of the loss by the fire is not, of itself, an admission on the

part of the insurer that any liability exists against it upon such policy, and does not raise an implied promise to pay. 2 Wood, Fire Ins. § 450.

Assuming that an adjustment of the extent of the damage done by the fire, and that such amount is admitted by the insurer to be due to the insured, would raise an implied promise to pay it, yet the facts in this case do not even bring it within any such rule. The defendant did not waive anything by agreeing upon the amount·of the loss, and is not estopped from insisting upon all the conditions agreed upon in the policy, one of which conditions was that no suit or action on said policy should be sustained in any court of law or equity unless commenced within twelve ·months next after the fire. The controlling issue in this case, and the only one raised by the record, is whether a mere adjustment of the loss by the respective parties, without any compromise or adjustment of a liability, created a liability against the insurer which he had not promised to pay. We are of the opinion that upon the facts the plaintiff is barred by the ·statute of limitations from maintaining this action. We have avoided any reference to or discussion of the question of what may have been the liability of the stockholders by reason of the assignment of the company under the insolvency law, the filing of this claim in due time, and the payment by the assignee to the intervenor of the six per cent. dividend out of the insolvent estate, as no such question was raised or discussed by counsel.

Judgment affirmed.

CANTY, J. (dissenting). If we leave out of the case the effect of the assignment for the benefit of creditors and the payment of the dividend under that assignment, in interrupting the running of the. twelve months limitation, I am of the opinion that the decision of the majority is correct. But no material fact should be left out of the case in deciding it.

Did not the making of the assignment itself interrupt the running of this limitation? In many states the deed of assignment for the benefit of creditors contains the names of the creditors, and the amount due each. Is there any doubt that the making of such an assignment would interrupt the running of the statute, or contract, of limitations as to every claim so specified in the deed of

assignment? But what is the difference whether the creditor's name and the amount due him is specified in the deed itself or in a separate schedule, as is the practice in this state? What is the difference whether his name or the amount of his claim is specified at all, so long as there is no dispute about his claim, or the amount of it? When he and his claim can be readily identified by extrinsic evidence, is not the legal effect of the deed the same as if his name and the amount of his claim were stated in the deed? The assignment is made for the benefit of all the assignor's creditors, and he can show by extrinsic evidence that he is one of those creditors. Again, why should not the payment of a dividend under such a voluntary assignment have the same effect in interrupting the statute, or contract, of limitations as a payment made directly by the debtor to the creditor? Again, if the running of the limitation under this contract is interrupted at all, is not this twelve months limitation thereby wholly waived, so that there is thereafter no limitation but the six year statute? None of these questions have been raised or argued by counsel, and, in my opinion, a reargument should be ordered as to these questions before deciding the case.

For this reason I cannot concur in the opinion of the majority.