MARIE ROTTIER v. GERMAN INSURANCE COMPANY OF FREEPORT.[1]

July 5, 1901.

Nos. 12,623—(169).

## Fire Policy—Limitation of Action.

The provision in the Minnesota standard policy that no suit to recover for loss under the policy shall be sustained unless commenced within two years from the time the loss occurred as a limitation applies to and runs from the time of the fire or actual destruction of the property, and not

1 Reported in 86 N. W. 888.

from the time when the cause of action accrues,—sixty days after the loss statement is rendered by the insured.

Estoppel.

> *Held*, that under the evidence the defendant had not misled the plaintiff as to the actual time when the fire occurred, and is not, for that reason, estopped from claiming that the limitation period had actually run.

Action in the district court for Mille Lacs county to recover $658, upon a policy of fire insurance. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $637.40. From an order granting a motion by defendant for judgment in its favor notwithstanding the verdict, plaintiff appealed. Affirmed.

*Charles A. Dickey* and *George C. Stiles*, for appellant.

*M. L. Countryman*, for respondent.

LOVELY, J.

Suit to recover on a policy of insurance for value of buildings and personal property destroyed by fire occurring August 20, 1898, which date is material in the disposition of this appeal. The action was tried to a jury, before whom evidence was introduced tending to show that the fire occurred at the time stated above; that the insured property was wholly destroyed; that the defendant was seasonably notified of the loss; that the statement of loss required by law was mailed to defendant, and an offer of arbitration made thereafter, which was not accepted. These claims were contested at the trial, but submitted to the jury, who found in favor of the plaintiff. After verdict, upon a settled case, defendant moved for judgment in its favor notwithstanding the verdict, which was so ordered. Plaintiff appeals.

This action was brought August 22, 1900,—more than two years after the fire, but less than two years from the service of statement of loss. The limitation period provided for in the Minnesota standard policy within which actions may be commenced after the loss is in the following terms:

"No suit or action * * * for the recovery of any claim by virtue of this policy shall be sustained in any court of law or

equity in this state unless commenced within two years from the time the loss occurred." Laws 1895 (p. 421) c. 175, § 53.

Without reference to the effect of the insurance codification in. chapter 175, supra, and previous decisions of our own court, it may be stated that plaintiff's claim that this limitation applies to the time the cause of action arises, rather than the occurrence of the fire, receives support from very respectable authorities in this country, while, perhaps, the greater weight is the other way.

We do not find it necessary to review the cases in other tri-. bunals, for the reason that this court had practically disposed of this question before the enactment of chapter 175, supra, which was passed with reference, undoubtedly, to such decision, to which we shall presently call attention; but whoever is interested in the review of the line of cases discussing this much-mooted question may find them fully and admirably collated on both sides in the case of McFarland v. Railway, 5 Wyo. 126, 38 Pac. 347, 677. We do not think such review is of practical value in the determination of this question in this state. In Chandler v. St. Paul Fire & M. Ins. Co., 21 Minn. 85, under a contract written by the insurance company providing that

"No suit or action against the company, for the recovery of any claim under or by virtue of this policy shall be sustained in any court of law or chancery unless commenced within the term of one year next after any claim shall occur; and, in case such suit or action shall be commenced against the company, after the end of one year next after such loss or damage shall have occurred, the lapse of time shall be taken and admitted as conclusive evidence against the validity of the claim thereby attempted to be enforced,"

—it was held that the terms "claim" and "loss" were inconsistent with each other; that the statutory word "claim" referred to the cause of action, while "loss" was intended to refer directly to the time of the fire. This distinction was made essential to the determination of that case, and that authority must be held to be a necessary construction of the statutory word "loss" as being equivalent to the fire itself and the time of the loss,—the time of the actual destruction of the property. In the subsequent deci-

sions of this court such use of the word "loss" has been made that it seems impossible to avoid the conclusion that this court has treated the same in its natural reasonable sense as referring to the destruction of the property, in consonance with the decisions in Chandler v. St. Paul Fire & M. Ins. Co., supra; In re St. Paul German Ins. Co., 58 Minn. 163, 59 N. W. 996; Willoughby v. St. Paul German Ins. Co., 68 Minn. 373, 71 N. W. 272.

While we have not discussed the merits of the controversy which has arisen in the courts as to the effect of the word "loss" in fixing the commencement of the limitation period, yet it is pertinent to note that in those courts where the use of such word has been held to permit suits to be brought on the limitation period running from the time the cause of action accrues, the peculiar provisions of the insurance contracts under review therein were made by the insurer, and abridged the right to commence a suit within so short a period after the fire that a different view would have imposed an unreasonable hardship upon the insured. But these reasons do not exist under the Minnesota Insurance Code and the standard policy provided for therein, in which the terms of the policy contract are imposed upon the companies by statute, who are compelled to accept their terms; and in which all requirements for statement of loss, time to pay the same, and other conditions are complied with, the insured, if he acts with reasonable expedition, would easily have more than eighteen months after his cause of action accrued within the two years limitation—after the fire—to commence his action. A longer period of time, so far as we are aware, has not been previously provided under insurance contracts formulated and issued by the insurance companies themselves. It has recently been held by this court that the provisions in the policy requiring the "statement" (or "proofs of loss") to be furnished "forthwith" are not to be construed arbitrarily, and the failure to do so at any given time does not work a forfeiture of the rights of the insured (Mason v. St. Paul Fire & M. Ins. Co., 82 Minn. 336, 85 N. W. 13); if the construction of the word "loss" claimed by plaintiff can be adopted, the two-years limitation becomes at best a floating and very uncertain term of designation. The insured might reserve his proofs of loss after

the two-years limitation, and secure at least four or six years' time after the fire within which to bring his action.

We do not think these considerations are absolutely controlling, but may reasonably have been considered by the legislature in fixing the limitation time within which actions should be brought in their attempt to deal fairly and justly between the two contracting parties. There is no just reason why a strained construction should be given to the word "loss" in the limitation provision of the statutory contract in this state. We have to do little more than to say that it actually means what it expresses. To do more would be a clear perversion of reason, and we doubt if any court would have been constrained to hold that the word "loss" did not mean "fire," but meant "cause of action," but for the ingenious attempts of insurance companies by the provisions of their contracts to secure premiums with as little indemnity as possible. We are required to treat the interpretation of this contract according to the same rules applied in other cases, and to give it a rational, reasonable, and intelligent construction according to its plain, practical sense, as evidently intended by the legislature. We do not think there is any merit in the claim that the defendant is estopped by any act misleading the plaintiff as to the time the fire occurred. The evidence in the case shows that defendant was not responsible for the mistake in that respect.

Order affirmed.