10353.  VOLUNTEER STATE LIFE INSURANCE COMPANY v. McGINNIS.

JENKINS, P. J.  1.  "A policy of ordinary life insurance, payable to a named beneficiary, provides: 'The insured may, at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy. . . This policy is issued with the express understanding that the insured may, without the consent of the beneficiary, receive every benefit, exercise every right, and enjoy every privilege conferred upon him by this policy.'  *Held,* . . that in an action on the policy by the beneficiary, the beneficiary has not such interest in the policy as would render inadmissible in evidence statements made by the assured himself either before or after the issuance and delivery of the policy, tending to disprove one of the prescribed requisites of the policy that the assured should be in good health at the time the policy was issued and delivered."  This was held by the Supreme Court in answer to a question certified to it by this court in this case.  150 *Ga.* 162 (103 S. E. 168).  The court below, therefore, erred in excluding the evidence set forth

in grounds 10 to 17 (inclusive) of the motion for a new trial, and in instructing the jury in reference thereto as complained of in ground 20 of the motion.

2. The defendant having denied the allegation of the plaintiff's petition, that proofs of the death of the assured had been furnished to the defendant, this placed the burden upon the plaintiff of establishing the truth of the allegation (*Bussey* v. *Grantham*, 23 *Ga. App.* 709, 99 S. E. 236); and testimony tending to prove a waiver upon the part of the company of a compliance by the plaintiff with the requirements of the policy, as to furnishing proofs of death, was not admissible to show that the proofs of death had in point of fact been furnished, as alleged in the petition. *Fidelity & Casualty Co.* v. *Gate City National Bank*, 97 *Ga.* 634 (25 S. E. 392, 33 L. R. A. 821, 54 Am. St. Rep. 440); *McLeod* v. *Travelers Insurance Co.*, 8 *Ga. App.* 765 (70 S. E. 157). See also *Livsey* v. *Georgia Railway & Electric Co.*, 19 *Ga. App.* 687, 689 (91 S. E. 1074). Had the defendant not only denied the allegation, but also set up as an affirmative defense the failure of the plaintiff to furnish proofs of death as required by the policy, then the rule would have been different, and the plaintiff could have met such defense by showing a waiver of such requirement by the defendant. *Supreme Lodge Knights of Pythias* v. *Few*, 142 *Ga.* 240 (2) (82 S. E. 627). The trial court therefore erred in admitting, over objection, the evidence set out in grounds 6, 8, and 9 of the motion for a new trial, relative to the alleged waiver of proofs of death, and in charging the jury as to the effect of such evidence, since such evidence and the charge relative thereto were not authorized by the original pleadings or any amendment thereto; and since the evidence adduced did not demand a finding that proofs of death had been furnished, as alleged in the petition, the admission of the evidence and the charge of the court complained of can not be treated as harmless error.

3. Since there must be a new trial because of the errors here pointed out, the general grounds of the motion for a new trial are not now passed upon.          *Judgment reversed.     Stephens and Smith, JJ., concur.*

DECIDED JULY 19, 1920.

Action on insurance policy; from Chattooga superior court — Judge Wright. December 31, 1918.

*King & Spalding, John D. & E. S. Taylor, W. B. Miller,* for plaintiff in error.

*J. M. Bellah, Maddox & Doyal,* contra.