13414. METCALF *v.* NATIONAL UNION FIRE INSURANCE CO.

BELL, J. "A stipulation in a policy of fire insurance that, in the event of loss, the assured shall furnish, within 60 days thereafer, proofs of loss to the company (unless such time is extended in writing by the company), and a further stipulation that it is a condition of the policy that a failure to submit the proofs of loss shall render the claim null and void, and the further stipulation that the policy is accepted subject to all the provisions therein, are valid and binding provisions, and a failure to submit the proofs of loss within the time specified in the policy will prevent a recovery by the assured, unless such provisions of the policy are waived by the company, or by some agent thereof who has authority to make such waiver for the company." *Folds* v. *Fireman's Fund Ins. Co.,* 28 *Ga. App.* 323 (110 S. E. 925).

2. The stipulation requiring the submission of proofs of loss "within 60 days of the date of loss" requires that the proof shall be submitted within 60 days from the destruction of the property by fire, or, if the loss is by theft, then from the time of such theft and not within such time from the acquirement of knowledge by the assured of the destruction or theft. See, in this connection, Rottier *v.* German Ins. Co., 84 Minn. 116 (86 N. W. 888).

3. Where in a suit by the assured against the insurer upon a policy purporting to protect the assured against the loss of an automobile, whether by theft or by fire, the assured based his action upon the ground that he had been injured and damaged "by the theft and destruction of said automobile by fire," and where it appeared both in the petition and by the plaintiff's evidence that the automobile was stolen on March 2, 1921, and was some days thereafter discovered in another vicinity in this State (the distance not shown), "where the same had been totally destroyed by fire," and where the proof of loss to the company as required of the assured was not submitted until May 2, 1921, a period of more than 60 days from the date of the theft, the evidence being silent as to whether

the burning of the automobile was upon the day of the theft or thereafter, and where the petition alleged *a compliance with the terms* of the policy *rather than a reason for non-compliance,* there was no error in granting a nonsuit upon the ground that the evidence did not show or tend to show a compliance with the policy, as alleged, as to submitting the proof of loss within 60 days from the date of the loss, regardless of whether the loss as sued for was occasioned either by theft or by fire. *McLeod* v. *Travelers Insurance Co.,* 8 *Ga. App.* 765 (70 S. E. 157); *Fidelity & Casualty Co.* v. *Gate City National Bank,* 97 *Ga.* 634 (4) (25 S. E. 392, 33 L. R. A. 821, 54 Am. St. R. 440). Without some evidence upon that question it could not be determined that the destruction of the automobile by fire did not occur upon the same date as the theft, and therefore more than 60 days prior to the submission of the proofs of loss; and it follows that whether the loss which was sued for was a loss by fire or a loss by theft, the allegations of a compliance with the conditions of the policy were unsupported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 15, 1923.

Action on insurance policy; from Muscogee superior court — Judge Munro. January 28, 1922.

*Gilbert W. Fincher,* for plaintiff.

*Smith, Hammond & Smith, Battle & Arnold,* for defendant.