(No. 16016.—Judgment affirmed.)

J. A. OBERMAN *et al.* Appellees, *vs.* THE UNITED STATES
FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

*Opinion filed June 17, 1924—Rehearing denied October 10, 1924.*

1. INSURANCE—*when the Supreme Court cannot review contro-
verted questions of fact.* All controverted questions of fact in an
action on an insurance policy are settled by the judgment of the
Appellate Court affirming the trial court's judgment for the plain-
tiff, and the investigation of facts by the Supreme Court is limited
to a determination whether there is any competent evidence in the
record which supports the judgment.

2. SAME—*when amount of loss need not be proved.* Where the
parties by adjustment and agreement have fixed the amount of loss
and there has been no fraud or mistake there is no necessity of
making further proof of loss in order to sustain a judgment, but
the fact that the amount of loss is adjusted does not necessarily
entitle the plaintiff to a judgment on the policy.

3. SAME—*adjustment does not estop the insurer from setting
up defense to suit on policy.* An adjustment of a fire loss merely
amounts to an admission on the part of the insurer that the sum
fixed is due if the insured is to have anything on the policy, and
it does not estop the insurer from setting up fraud, breach of con-
ditions of the policy or other acts of the insured that operate to
defeat liability.

4. SAME—*when insured need not produce adjustment agreement
to show amount of loss.* The insured need not produce proof of
loss approved by the insurer's adjuster and filed with the insurer
in order to show the amount agreed upon, where the adjuster tes-
tifies that he agreed on what the amount of loss and damages should
be in the event of liability and where the record contains competent
evidence as to what the amount was.

5. SAME—*when keeping of gasoline on premises is not in vio-
lation of provision of fire policy.* The keeping of prohibited articles
on the premises in violation of a fire insurance policy vitiates the
policy, but the keeping of a gallon of gasoline in a glass bottle is
not in violation of a provision prohibiting the keeping of inflam-
mable articles exceeding twenty-five pounds in quantity, notwith-
standing a special gasoline permit is attached to the policy allowing
the keeping of ten gallons of gasoline in a tightly closed "metal
can" free from leak.

6. SAME—*doubtful provisions must be construed against the in-
surer.* As insurance contracts are prepared by the insurer, am-

biguous words or terms will be construed against the insurer; and this rule applies in construing provisions of fire insurance policies which prohibit the keeping of certain articles on the premises.

7. EVIDENCE—*secondary evidence of a document may be introduced where opposing party fails to. produce original on demand.* Where an original document is in the hands of the opposing party, secondary evidence of its contents may be introduced where the opposing party fails or refuses to produce the original on demand.

HEARD, J., took no part.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

SILBER, ISAACS, SILBER & WOLEY, and BROWN, HAY & STEPHENS, for appellant.

GRAHAM & GRAHAM, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

February 11, 1922, the department store which had been conducted by appellees for several months in the city of Danville was destroyed by fire. Appellees claimed their total loss was about $50,000. They carried insurance amounting to $38,000, which was distributed among nine companies. Shortly after the fire an adjuster, acting for all the insurance companies, made an investigation, and after examining the books of appellees and what remained of the merchandise fixed the total damages to the stock caused by the fire at $35,000. He prepared proofs of loss on this basis and submitted them to appellees for execution. They agreed to the adjustment, executed the proofs of loss and returned them to the adjuster. He forwarded them to the several companies for their action. The amounts due under nine of the fifteen policies were paid in accordance with the agreement as to amount reached by the adjusters for the respective parties. Five thousand dollars of the insurance

was carried by appellant in three policies,—two of $1000 each and one of $3000. Appellant paid the amount due under the $3000 policy and under one of the $1000 policies and refused to pay the sum of $921.05 due under the policy involved in this case. Thereupon this action was begun in the circuit court of Sangamon county and the trial was had before the court without a jury. At the close of all the evidence appellant moved that judgment be entered in its favor for the reason that there was no evidence showing the amount of the loss. This motion was denied. Propositions of law offered by appellant were refused and some offered by appellees were held. There was a judgment in favor of appellees for the amount agreed upon by the adjusters, and on appeal this judgment was affirmed by the Appellate Court. A certificate of importance was granted and this further appeal prosecuted.

All controverted questions of fact have been settled in favor of appellees by the judgment of the Appellate Court. Our investigation of the facts of the case is limited to determining whether there is any competent evidence in the record which supports the judgment. The adjuster for the companies testified that after considerable negotiation with the adjuster for appellees they agreed on the amount of the loss, and that that amount was fixed at $35,000 in the event there was a liability. Pursuant to this agreement the adjuster for the companies prepared proofs of loss and a schedule apportioning the amount due under each policy, and after these documents were duly executed by appellees and approved by the adjuster for the companies they were forwarded to the respective companies. Where the amount of the loss has been fixed by agreement of the parties there is no necessity for making further proof of the fact. (*Illinois Mutual Fire Ins. Co.* v. *Archdeacon,* 82 Ill. 236; *Bond* v. *National Fire Ins. Co.* (W. Va.) 88 S. E. 389; *Wilms* v. *New Hampshire Fire Ins. Co.* (Mich.) 161 N. W. 940; 5 Joyce on Insurance,—2d ed.—sec. 3771.) The fact that

the amount of the loss has been adjusted does not neces-
sarily entitle the assured to recover that amount.    The ad-
justment of itself merely amounts to an admission on the
part of the insurer that the sum fixed is due if the insured
is to have anything under the policy, and does not stop the
insurer from setting up fraud, breach of conditions of the
policy or other acts of the insured that operate to defeat
the insurer's liability.    (*Willoughby* v. *St. Paul German Ins.
Co.* 68 Minn. 373, 71 N. W. 272; *Commonwealth Ins. Co.*
v. *Solomon,* (Del.) 119 Atl. 850; 2 Wood on Fire Insur-
ance,—2d ed.—sec. 482.)   The parties having agreed in this
case as to the amount due in the event of liability, and there
being no claim of fraud or mistake in fixing the amount, it
stands as an admission of appellant, and, being unimpeached
and uncontradicted, is sufficient proof of the amount due
to sustain the judgment.

It is contended by appellant that the record does not
contain competent evidence showing the agreement as to the
amount of the loss.   The proof of loss and the schedule of
apportionment of the amounts due under the several policies
under the agreed loss of $35,000 which was sent to appel-
lant was not produced at the trial.   Appellees requested ap-
pellant to produce the document, and counsel for appellant
denied any knowledge of it.   Where an original document
is in the hands of the opposing party, the party may intro-
duce secondary evidence of its contents where the opposing
party fails or refuses to produce the original on proper de-
mand.   (*Union Surety and Guaranty Co.* v. *Tenney,* 200
Ill. 349.)   It was not necessary, however, for appellees to
produce the proof of loss approved by appellant's adjuster
and filed with it in order to establish the agreed amount of
the loss.   Appellant's adjuster was called as a witness by
appellant and testified in his direct examination that he
agreed with appellees "on what the amount of loss and
damages should be in the event of liability."   There ap-
pears in the record in several places competent evidence to

the effect that the adjusters agreed that the amount of the loss was $35,000.

The policy on which action is brought provides that it shall be void if there be kept, used or allowed on the premises gasoline and other named inflammable articles exceeding twenty-five pounds in quantity. There is attached to the policy a gasoline permit, which grants permission to keep and use on the premises not to exceed ten gallons of gasoline, provided it is kept in a tight and entirely closed metal can free from leak. At the time of the fire there was in the basement of the premises insured a gallon glass container substantially full of gasoline. Appellant contends that the keeping of this gallon of gasoline in a glass container renders the policy void. This court has held that the keeping of prohibited articles on the premises in violation of the provisions of the contract of insurance vitiates it, (*Norwaysz* v. *Thuringia Ins. Co.* 204 Ill. 334; *Commercial Ins. Co.* v. *Mehlman,* 48 id. 313;) but there must be a plain violation of the contract in order to destroy it. Insurance contracts are prepared by the insurer, and if ambiguous words or terms are used the doubt arising therefrom will be resolved against the insurer. This rule is applied in construing provisions prohibiting designated articles. (Annotation, L. R. A. 1917C, 278.) If the rider had not been placed on the policy in question then the insured might have kept upon the premises a quantity of gasoline in excess of the amount they did keep, without violating the provisions of the policy. When the insurer granted the insured permission to keep ten gallons of gasoline on the premises, provided it was kept in a closed metal can free from leak, it was for the purpose of extending the privilege of keeping gasoline and not for the purpose of adding another condition, a violation of which would render the policy void. At no place in the policy is it said that keeping on the premises a quantity of gasoline less than twenty-five pounds in a glass bottle will render the policy void. Reading the two

provisions of the policy together we have this result: The policy shall be void if more than twenty-five pounds (approximately three gallons) of gasoline is kept on the premises, except that permission is granted the insured to keep ten gallons of gasoline on the premises provided it is kept in a tight, closed metal can free from leak. There is nothing in the policy that justifies our holding that the keeping of a gallon of gasoline in a glass bottle renders the policy void. There is no evidence whatever in the record indicating that this bottle of gasoline contributed in the slightest degree to the cause or extent of the fire.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.