(No. 16017.—Judgment affirmed.)
J. A. OBERMAN *et al*. Defendants in Error, *vs*. THE CAM-
DEN FIRE INSURANCE ASSOCIATION, Plaintiff in Error.

*Opinion filed October 28, 1924—Rehearing denied Dec. 5, 1924.*

1. PRACTICE—*defendant desiring to file special pleas to amended declaration should make motion therefor.* Where a declaration is amended and certain parties are substituted as plaintiffs, the defendant cannot complain, on review, that it had no opportunity to file special pleas to the declaration as amended, where it made no request or motion for leave to file such pleas.

2. SAME—*an assignee suing on non-negotiable instrument must make allegations required in section 18 of Practice act.* Section 18 of the Practice act provides the method to be followed where an assignee of a non-negotiable instrument sues in his own name, and such assignee must make the allegations required in said section.

3. SAME—*substitution of plaintiffs may be allowed under section 39 of Practice act.* By section 39 of the Practice act amendments may be allowed in a civil suit at any time before final judgment, including a change of parties plaintiff, and by said section the adjudication of the court allowing such amendment is made conclusive evidence of the identity of the action.

4. INSURANCE—*when ordering pleas to stand to amended declaration is not prejudicial.* In a suit on drafts issued by an insurance company in payment of amounts claimed under certain fire insurance policies, the action of the court in ordering the pleas filed to the declaration to stand, after a substitution of parties plaintiff, cannot be regarded as prejudicial to the defendant, where it made no request to file additional pleas and where all matters of defense and evidence were permitted to be introduced, including defenses on the policies.

5. SAME—*time limit for bringing suit on policy does not apply to suit on drafts issued in payment of insurance.* Where suit is brought by a bank on drafts issued by an insurance company in payment of amounts claimed on certain fire insurance policies no contract limitation for bringing suit on the policies can apply, even though the bank is dismissed as plaintiff and the insured parties are substituted because the drafts were not negotiable.

6. SAME—*when declaration is sufficient to sustain judgment for assignee of drafts issued by an insurance company.* Where suit is brought by a bank on drafts issued by an insurance company in payment of amounts claimed on certain fire insurance policies and

the insured parties are substituted as plaintiffs because the drafts were non-negotiable, a judgment in favor of the insured parties, for the use of the bank, is sustained by the declaration and the affidavit of claim, which state that the bank owns the drafts.

HEARD, J., took no part.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

SILBER, ISAACS, SILBER & WOLEY, and BROWN, HAY & STEPHENS, (LOGAN HAY, and R. ALLAN STEPHENS, of counsel,) for plaintiff in error.

BARBER & BARBER, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is one of three actions brought in the circuit court of Sangamon county by the First National Bank of Springfield upon drafts issued by plaintiff in error to defendants in error, J. A. and M. S. Oberman, in payment of amounts claimed under certain fire insurance policies. An action was also brought against the Firemen's Insurance Company of Newark and one against the Milwaukee Mechanics' Insurance Company of Milwaukee. Three other actions were brought by the Obermans against the insurance companies directly upon policies of insurance. A hearing of this case was had before the court without a jury, and it was stipulated that all the evidence used in the actions on the insurance policies be admitted. The actions by the bank appear to have been started on the theory that the drafts are negotiable instruments. The trial court held they were not negotiable but also found the issues for the bank. After finding for the bank, the court, on motion of the plaintiff, entered an order substituting the Obermans as plaintiffs, for the use of the bank, in the three bank cases, ordered

that pleas already filed stand as pleas to the declaration as amended, and in the case before us entered judgment in the sum of $4845.04. This judgment was affirmed by the Appellate Court. The case comes here by *certiorari*.

The facts in the above cases were before this court in *Oberman* v. *United States Fire Ins. Co.* 313 Ill. 172, and as they are stated there it is not necessary to re-state them here. All questions of fact have been settled by the Appellate Court in favor of the defendants in error in this case. The principal questions of law involved in this case not involved in the case previously before this court arise on the order substituting parties plaintiff and on the pleadings.

Plaintiff in error sought, but was denied, leave to amend a certain special plea with reference to keeping gasoline in a glass container instead of "in a securely enclosed metal can free from leak, as provided in the policy." Under the view of this court as set out in *Oberman* v. *United States Fire Ins. Co. supra,* it was not an abuse of discretion to deny an amendment of this special plea.

It is contended that the court erred in allowing the substitution of the Obermans as plaintiffs in the place of the bank after a hearing on the case; that as amended the declaration does not support the judgment entered; that it was an abuse of judicial discretion to order the pleas of the defendant to stand to the declaration as amended by such substitution, and that the court erred in refusing to permit the filing of other special pleas to the declaration as thus amended. It is a sufficient answer to this last complaint to say that no motion for leave to file special pleas after the substitution of the Obermans as plaintiffs, for the use of the bank, was made. While counsel for plaintiff in error point out in argument certain pleas which they urge might have been filed, no request or motion for leave so to do was made. Plaintiff in error cannot complain that it did not have an opportunity which it did not seek. *Fitzgerald* v. *Lorenz,* 181 Ill. 411; *Knefel* v. *Flanner,* 166 id. 147.

The remaining points for consideration arise on the action of the court in permitting the substitution of parties plaintiff and in directing that the pleas filed stand to the declaration as amended. Section 18 of the Practice act provides the method to be followed where an assignee sues in his own name, and an assignee of non-negotiable choses in action must allege facts required by this section. (*Allis-Chalmers Manf. Co.* v. *City of Chicago,* 297 Ill. 444.) The court held that the drafts sued on were non-negotiable and no cross-errors are assigned on that holding.

By section 39 of the Practice act amendments may be allowed in a civil suit at any time before final judgment, on such terms as are just and reasonable, including the change of parties plaintiff, and by that section the adjudication of the court allowing such amendment shall be considered conclusive evidence of the identity of the action. It cannot be doubted that under that section the court had a right to amend by substituting other parties plaintiff.

One of the defenses to the suit was that the drafts were not negotiable, and that the bank had not complied with section 18 of the Practice act, enabling it to sue as assignee. The corollary of this position is that the Obermans owned the drafts and were the only proper parties plaintiff. In view of the fact that all matters of defense and evidence in the other five cases were permitted to be introduced in this case under the pleas filed, including defenses on the policy, and the further fact that leave to file additional pleas was not requested when such substitution of parties was made, we are of the opinion that no injustice arose by reason of such substitution and order causing the pleas filed to stand to the amended declaration. An examination of the record, together with the order of affirmance by the Appellate Court as to the facts and the consideration of these cases in *Oberman* v. *United States Fire Ins. Co. supra,* discloses that the evidence did not develop any defense good against the drafts, even in the hands of the Obermans.

It is urged by counsel for plaintiff in error that the substitution of parties complainant was, in effect, a dismissal of the case as to the bank, and that they therefore had the right to urge as a defense the expiration of the time limited in the contract of insurance on which suit was to be brought. The difficulty of that position is that the suit in this case is not on the policy but on the drafts issued by plaintiff in error in settlement of the policy, and therefore no contract limitation embraced in the policy could apply. There was no abuse of discretion in the order made.

It is further objected that the declaration and affidavit of claim do not support the judgment for the Obermans for the use of the bank; that the affidavit of claim, and the declaration, stated that the bank owned the drafts. The bank by this judgment is the beneficial owner of the drafts. The judgment entered was for the plaintiffs for the use of the bank, to whom the drafts had been assigned. The only person who could be injured by the judgment recovered in the name of the Obermans alone, would be the bank to whom the assignment was made. It is of no consequence to the plaintiff in error to whom it pays such judgment, and in this case judgment running to the Obermans, for the use of the bank, protects the interest of the latter in the drafts. The declaration and affidavit of claim are therefore sufficient to sustain the judgment entered. *West Chicago Street Railroad Co.* v. *Lundahl,* 183 Ill. 284; *Firemen's Ins. Co.* v. *Barnsch,* 161 id. 629.

The Appellate Court did not err in the judgment entered, and it will be affirmed.    *Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.