21277. FRYE *v.* CONTINENTAL LIFE INSURANCE CO.

DECIDED AUGUST 29, 1931. REHEARING DENIED SEPTEMBER 18, 1931.

850

*J. C. Bowden; George & John L. Westmoreland,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Sidney Smith,* for defendant.

BELL, J. (After stating the foregoing facts.) It appears that the policy sued on in this case contemplated two communications by the assured touching the subject-matter of the insurance, one being a "written notice of injury on which claim may be based," and the other being "written proof covering the occurrence, character and extent of the loss for which claim is made," otherwise referred to as "proof of loss." *Woodall* v. *Fidelity & Casualty Co.,* 131 *Ga.* 517 (62 S. E. 808) ; *Great American Co-Op. Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784, 786 (76 S. E. 159) ; *Penn Mutual Ins. Co.* v. *Milton,* 33 *Ga. App.* 634 (2) (127 S. E. 798).

The giving of the preliminary notice would not answer the requirement as to proof of loss, and the evidence fails to show that any proof of loss was furnished to the company as required by the policy. The lack of evidence upon this point necessitated a nonsuit. While the policy contained no provision to the effect that the furnishing of the proof of loss within the time stipulated should be a condition precedent to a recovery, or that the failure to submit the proof of loss within such period would work a forfeiture, the failure to submit such proof would at least operate "to postpone the right of the insured to bring a suit until after he has furnished the proofs of loss required by the policy," and if he "failed within a reasonable time after loss to furnish the proofs of loss [his] right to make the proof would be gone and [his] right to recover on the policy would consequently be at an end." *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622, 624, 625 (36 S. E. 821, 42 L. R. A. 70, 78 Am. St. R. 216). Moreover, the instant policy, in clause 14, expressly provided that any right of action would be so postponed until after the expiration of sixty days from the date of

filing of proof of loss in accordance with the requirements of the policy. See further, in this connection, *Harp* v. *Fireman's Fund Ins. Co.*, 130 *Ga.* 726 (2) (61 S. E. 704, 14 Ann. Cas. 299); *Columbian National Life Ins. Co.* v. *Miller*, 140 *Ga.* 346 (2) (78 S. E. 1079, Ann. Cas. 1914D, 408); *Styles* v. *American Home Ins. Co.*, 146 *Ga.* 92 (90 S. E. 718). Thus, in the absence of some evidence of a waiver by the insurer of the furnishing of proof of loss, the plaintiff failed to show any matured right of action against the company, as alleged in the petition, and the court properly awarded the nonsuit.

This court can not consider the letter referred to in the plaintiff's testimony, since it appears that this letter was not admitted in evidence and the plaintiff did not except to its rejection. Counsel for the plaintiff in error have suggested a diminution of the record for the purpose of bringing the letter before this court as a part of the "record of objections . . and excluded documentary evidence" as filed in the court below; but this procedure would be entirely futile, since the letter was excluded from evidence without exception on the part of the plaintiff.

The plaintiff's testimony to the effect that the company had refused to pay the loss as provided by the policy is not sufficient to show an absolute refusal to pay, such as would amount to a waiver of proof of loss (Civil Code of 1910, § 2490), since it does not appear upon what ground the company made such refusal. The statement was a mere conclusion of the witness, and so far as appears the company may have declined to pay the loss upon the very ground that proof of loss had not been submitted. But even assuming that the evidence tended to show a waiver of proof of loss, the plaintiff did not predicate his suit upon this theory, but alleged a compliance with all the terms and provisions of the policy; and in such a case proof of a waiver will not prevent a nonsuit, where the evidence fails to show that proof of loss was submitted in accordance with the terms of the policy. *Fidelity & Casualty Co.* v. *Gate City National Bank*, 97 *Ga.* 634 (4) (25 S. E. 392, 33 L. R. A. 821, 54 Am. St. R. 440); *McLeod* v. *Travelers Ins. Co.*, 8 *Ga. App.* 765 (70 S. E. 157); *Volunteer State Life Ins. Co.* v. *McGinnis*, 25 *Ga. App.* 508 (2) (103 S. E. 824); *Metcalf* v. *National Union Fire Ins. Co.*, 29 *Ga. App.* 590 (3) (116 S. E. 324).

■ The judgment of nonsuit was not affected by any of the

antecedent rulings. If the plaintiff was dissatisfied with the judgments setting aside the prior verdict and judgment in his favor and granting a new trial to the defendant, he should have brought these rulings under review by a final bill of exceptions sued out at that time, without waiting for a further trial upon the merits. "When the [plaintiff] failed to except to the previous final judgment of the court in granting [defendant] a new trial, the questions raised by the exceptions pendente lite became moot and immaterial." *Wheeler* v. *Mote,* 37 *Ga. App.* 547 (140 S. E. 904).

The opening of a *default* can not be excepted to as a final judgment (*Clay* v. *Dinkler,* 34 *Ga. App.* 119, 128 S. E. 219), but the judgments here excepted to pendente lite did not concern a mere *default,* but were judgments setting aside a former *verdict and judgment* in favor of the plaintiff and granting a new trial to the defendant. Obviously a final bill of exceptions, and not exceptions pendente lite, was the remedy at that time. By proceeding again to trial, the plaintiff acquiesced in the judgments now complained of in the exceptions pendente lite.

The defendant's answer as finally made denied that the plaintiff had sustained any injury to his eye, as alleged in the petition, and averred, in effect, that if the plaintiff had in fact lost the sight of his eye, such loss had occurred in some other way. The answer was therefore not subject to general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*