### 22852. Metropolitan Life Insurance Co. v. Dekle.

Decided June 13, 1933.

*Pottle, Farkas & Cobb,* for plaintiff in error.

*B. B. Earle,* contra.

BROYLES, C. J. 1. This was a suit upon a policy of life insurance. The undisputed evidence showed that the policy, under its terms, had lapsed (for nonpayment of the annual premium thereon) several months before the death of the insured, and that it had never been reinstated; and there was no evidence which showed that the insurance company had. waived any of the provisions of the policy concerning the lapsing or the reinstatement of the policy. Furthermore, the plaintiff did not plead any such waiver, but, instead, expressly alleged in her petition that she had "performed all of the conditions imposed upon her" by the policy of insurance sued upon. Properly construed, this statement means that both she *and the insured* had performed all the conditions imposed upon them by the policy of insurance sued upon. It follows that, even if there had been proof tending to show such a waiver, she was not entitled to recover. *Security Ins. Co.* v. *Jackson,* 43 *Ga. App.* 13 (158 S. E. 457), *Frye* v. *Continental Life Ins. Co.,* 43 *Ga. App.* 849 (160 S. E. 544). However, the judgment in the instant case (overruling the defendant's motion for a new trial) is reversed on the grounds first stated, to wit, that the undisputed evidence demanded a finding that the policy had lapsed several months before the death of the insured, and had never been reinstated; and there was no evidence that the provisions of the policy in reference to the lapsing or the reinstatement of the policy had been waived by the insurer. A verdict for the defendant should have been directed.

2. As the above-stated ruling controls the case, the special grounds of the motion for a new trial are not passed upon.

*Judgment reversed. Sutton and Guerry, JJ., concur.*