## 23605. DEKLE *v.* METROPOLITAN LIFE INSURANCE CO.

DECIDED MAY 22, 1934.

*B. B. Earle,* for plaintiff. *Farkas & Burt,* for defendant.

JENKINS, P. J. When this case was previously before this court, a judgment in favor of the plaintiff, beneficiary suing upon a life-insurance policy, was reversed, upon the grounds that "the undisputed evidence demanded a finding that the policy had lapsed several months before the death of the insured, and had never been reinstated; and there was no evidence that the provisions of the policy in reference to the lapsing or the reinstatment of the policy had been waived by the insurer," and therefore that "a verdict for the defendant should have been directed." Although reference was made in the former decision to the plaintiff's failure to plead such a waiver, the reversal was expressly planted upon the failure of the evidence to show a waiver of forfeiture. The court, after referring to the absence of pleading as to waiver, used this language: "However, the judgment in the instant case [overruling

the defendant's motion for a new trial] is reversed on the grounds first stated, to wit, that the undisputed evidence demanded a finding that the policy had lapsed several months before the death of the insured, and had never been reinstated; and there was no evidence that the provisions of the policy in reference to the lapsing or the reinstatement of the policy had been waived by the insurer." *Metropolitan Life Ins. Co.* v. *Dekle,* 47 *Ga. App.* 124, 125 (169 S. E. 767). After this decision the plaintiff filed an amendment, setting forth what appears to be, from an examination of the former record in this court, essentially the same contentions as to waiver as were proved in the former trial by oral and documentary evidence, admitted without objection and brought up for review. Under the law of this case as fixed and determined by the previous decision, these facts, if proved, having been held legally insufficient to show a waiver of forfeiture after the admitted lapse of the policy by nonpayment of the premium, the judgment of the trial court sustaining a general demurrer to the amended petition is affirmed.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*