## HARP *v.* FIREMAN'S FUND INSURANCE COMPANY.

Where an insurance policy stipulates that proofs of loss must be fur-
nished by the insured to the insurer within sixty days after the fire,
but contains no express provision that the policy shall be void or for-
feited upon failure to furnish proofs as required (the policy expressly
declaring that the happening of certain other contingencies shall void
it), and there are further provisions in the policy that the loss there-
under shall not be payable until sixty days after such proofs are fur-
nished, and that no suit on the policy shall be sustainable until after
full compliance by the insured with all its requirements, nor unless
commenced within twelve months after the fire, *Held:*

1. The failure of the insured to furnish proofs of loss within sixty days
from the fire will not work a forfeiture of the policy.
2. The failure of the insured to furnish proofs of loss at least sixty days
before the expiration of twelve months from the fire, unless there be a
waiver of such proofs, will prevent the maintenance of a suit on such
policy.
3. Proofs of loss, in the absence of a waiver thereof, must be furnished
within a reasonable time from the fire, or a suit on the policy can not
be maintained.
4. An absolute refusal by the insurer to pay, made before the expiration
of the reasonable time within which the insured must furnish such
proofs, will be a waiver thereof; but such refusal made after such rea-
sonable time has expired will not be a waiver of such proofs.

5. The Civil Code, § 2140, providing for the recovery of damages and attorney's fees against insurance companies, is not violative of section 1 of the fourteenth amendment to the constitution of the United States, nor of any of the provisions of paragraphs 2, 3, and 4 of article 1 of the constitution of the State of Georgia.

Argued February 6,—Decided May 19, 1908.

Action upon insurance policy. Before Judge Reagan. Upson superior court. January 10, 1907.

*J. Y. Allen* and *W. Y. Allen,* for plaintiff.

*Harris & Harris* and *Tisinger & Davis,* for defendant.

HOLDEN, J. The plaintiff brought suit against the defendant company for the full amount of a policy of fire insurance, issued by the defendant on a stock of merchandise destroyed by fire, and for 25 per cent. additional as damages and attorney's fees. The defendant filed general and special demurrers; and to the judgment sustaining them and dismissing the petition the plaintiff filed his exceptions. The policy provided that the insured should give, in writing, immediate notice, among other things, of any loss thereunder to the company, and, within sixty days after the fire, should render to the company a statement, signed and sworn to by him, specifying several matters, one of which was the cash value of each item of property destroyed by the fire and the amount of loss thereon. The policy further provided, that the loss "shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company," and that "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire," and that "This policy is made and accepted subject to the foregoing stipulations and conditions." The petition alleges that the plaintiff "performed all the conditions imposed on him by said policy;" but it appears, from the petition, that the insured failed to furnish proofs of loss within the sixty days; and one of the main questions involved in the case is whether or not such failure worked a forfeiture of the policy. The policy expressly enumerated a number of contingencies, upon the happening of any one of which the entire policy was to become void. There was no express provision in the policy that if proofs of loss

were not furnished within sixty days the policy should be void, or the rights of the insured thereunder forfeited. As the policy provides many enumerated instances in which it shall become void, and there being no express provision that it shall become void upon failure to furnish proofs of loss in sixty days from the time of the fire, it must be held that there was no intention that this failure would work a forfeiture, especially in view of the fact that the law does not favor a forfeiture, and the further fact that a policy must be construed most strongly against the company issuing it. The meaning of the provision above referred to is that no suit could be commenced until there was a compliance with the requirement as to furnishing proofs of loss, but that the policy would not be forfeited because of the failure to furnish them within sixty days after the fire. Under this provision time is not of the essence of the contract as to the furnishing of proofs of loss. The policy does not provide that no suit can be maintained *unless* there is a full compliance with its requirements, but it provides that no suit can be maintained *until after* a full compliance; and in the decisions of some of the courts, this difference is made a matter of importance in determining whether or not a failure of such compliance within the time specified by the policy works a forfeiture thereof. 4 Cooley's Briefs on Ins. 3370, and cases cited. On page 3369 of the same work the following doctrine is announced: "The weight of authority, however, as already stated, seems to support the rule that neither a provision that the loss shall not be payable until after the stipulated proofs have been furnished, nor the provision that no action shall be maintainable until after such compliance with the policy, will render the furnishing of proofs within the stipulated time a condition precedent. Rather do such provisions, by their phraseology, indicate an intention that the payment of loss shall be merely postponed until the proofs are furnished." We have been asked to review and overrule the decision in the case of *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E 821, 52 L. R. A. 70, 78 Am. St. R. 216), where substantially the same ruling is announced as that now made; but after a careful consideration of the decision in that case, and of the many authorities bearing upon the question there cited, we are satisfied as to the correctness of the ruling in the *Knight* case, and decline to overrule it.

2.    There is a stipulation in the policy that "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire," and that the loss shall not become payable until sixty days after proofs of loss are furnished. In view of all the provisions of the policy, the time of sixty days from the date of the fire, allowed for the furnishing of proofs of loss, is not of the essence of the contract; but the furnishing of such proofs, unless waived, must be made sixty days before the expiration of twelve months from the time of fire, and if such proofs, in the absence of a waiver thereof, were not furnished within such time, no suit could be maintained. *Southern Fire Ins. Co.* v. *Knight,* supra.

3.    As the insured could not maintain an action on the policy until sixty days after the proofs of loss were furnished, in the absence of a waiver thereof he was bound to furnish such proofs and must furnish them within a reasonable time after the fire.    Fallon *v.* Farmer's Mut. Aid Asso., 66 S. W. 1029. What would be a reasonable time is a question of fact, to be determined by the jury under all the stipulations of the policy and all the facts and circumstances of the case.    In the case of *Southern Fire Ins. Co.* v. *Knight,* supra, Justice Cobb, in delivering the opinion, uses this language:    "If the plaintiffs failed within a reasonable time after loss to furnish the proofs of loss, their right to make the proof would be gone and their right to recover on the policy would consequently be at an end;" and on page 626 he uses this language: "The proofs in the present case having been submitted more than sixty days before the expiration of twelve months from the date the fire occurred, the court properly refused to grant the nonsuit on account of a failure to submit the proofs within the time fixed in the policy, as it was a question for the jury whether a reasonable time for furnishing the proofs had elapsed between the date the fire occurred and the date that the proofs of loss were submitted."    If such proofs were not waived and were not furnished in a reasonable time, there could be no recovery.    The statements and conduct of the agents of the company after the fire alleged in the petition were matters proper to be alleged, and, if proved upon the trial, to be considered by the jury in determining the question

as to what length of time after the fire was a reasonable time for the insured to furnish proofs and notice of loss.

4. The allegations of the petition are that "petitioner then, through his counsel, again demanded payment of his loss so sustained in said fire by the burning of said stock of general merchandise covered by said policy of insurance, and said defendant company then and there refused to pay said policy or any sum whatever." The petition does not definitely state the time when this refusal was made, but it was after the settlement of the policy on the house, which was three or four months after the fire. One of the questions involved in this case is whether or not this refusal, if made, amounted to a waiver of the furnishing of proofs of loss. The Civil Code, §2108, provides: "Every insurer has a right to prescribe regulations as to notice and preliminary proof of loss, which must be substantially complied with by the assured: provided the same are made known at the time of the insurance, and are not materially changed during the existence of the contract. An absolute refusal to pay waives a compliance with these preliminaries." As an absolute refusal by the company to pay before the expiration of the time within which the insured had to furnish notice and proofs of loss would be a waiver of such notice and proofs, and as the plaintiff had a reasonable time after the fire to furnish the same, if this refusal occurred within such reasonable time it would amount to a waiver of such notice and proofs. A refusal to pay until such proofs were furnished, when this ground of refusal was known to the insured, will not be a waiver of the failure to make such proof. Such a refusal is not an "absolute" refusal within the meaning of the law. It would mean that the company has not paid because of such failure, and will not pay until the proofs are furnished. A refusal without making known the fact that it is predicated upon the failure to furnish proofs of loss, or some specific ground other than a denial of all liability, will be construed to mean an absolute refusal. If the company refuses to pay because of a failure to furnish proofs of loss, good faith requires that it make this fact known. The refusal was not a qualified or conditional one, but it was an absolute refusal. When this refusal was made, if a reasonable time from the fire had not elapsed within which to furnish proofs of loss, the refusal would amount to a waiver of such proofs. What is herein said in refer-

ence to reasonable time is not intended to convey the idea that such reasonable time could in any event terminate before the expiration of the sixty days allowed the insured, under the terms of the policy, within which to furnish proofs of loss.

5. To a prayer in the petition asking a recovery of 25 per cent. as damages, and also reasonable attorney's fees, the defendant interposed a special demurrer, setting up that the Civil Code, §2140, under which such damages and attorney's fees were sought to be recovered, was contrary to section 1 of the fourteenth amendment to the constitution of the United States, providing that "no State shall deny to any person within its jurisdiction the equal protection of the laws;" also a demurrer that said section was contrary to the following provisions of the constitution of this State: "Protection to person and property is the paramount duty of government, and shall be impartial and complete." "No person shall be deprived of life, liberty, or property, except by due process of law." "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." It is true that in the case of *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765 (38 S. E. 67), this section of the code was held to be violative of the above-named provision of the constitution of the United States. In that case, on page 768, it was said: "We think the decision of the Supreme Court of the United States in Gulf, Colorado & Sante Fé Railway Co. *v.* Ellis, 165 U. S. 150 (41 L. ed. 666, 17 Sup. Ct. 255), in principle, is conclusive as to the unconstitutionality of the code section under consideration." In the decision of the Supreme Court of the United States above referred to, it was held that a Texas statute allowing attorney's fees as damages or penalty against railroad companies for delay or failure to settle claims was unconstitutional, as being class legislation prohibited by section 1 of the fourteenth amendment. Since the rendition of the decision in the *Hart* case, however, the Supreme Court of the United States, in Fidelity Mutual Association *v.* Mettler, 185 U. S. 308 (46 L. ed. 922, 22 Sup. Ct. 662), construed a similar statute of the State of Texas, providing damages against insurance companies for delay or failure to pay losses, and held that the classification of life and health insurance companies separately from marine and inland insurance companies, and from mutual benefit and relief associations, was not so arbitrary and un-

reasonable as to constitute class legislation. The decision in the Mettler case was followed and reaffirmed in Iowa Life Ins. Co. *v.* Lewis, 187 U. S. 335 (47 L. ed. 204, 23 Sup. Ct. 126). In Farmers etc. Ins. Co. *v.* Dobney, 189 U. S. 301 (47 L. ed. 821, 23 Sup. Ct. 565), in which a contract of fire insurance was involved, a statute of Nebraska, which provided that attorney's fees should be allowed the plaintiff upon the rendition of a judgment against an insurance company, was attacked as being violative of section 1 of the fourteenth amendment, and the court upheld the statute. In that decision, after summing up the rulings made in previous cases before the court, this language is used (p. 305) : "In all three of the cases referred to, therefore, it was necessarily held that insurance contracts were so distinct as to justify legislative classification apart from other contracts, or to authorize a classification of insurance contracts so as to subject one character of such contracts when put in one class to one rule and other varieties of such contracts when placed in another class to a different rule." In the light of the above-cited decisions of the Supreme Court of the United States, which we are bound to follow, and in which similar statutes to ours, relating to contracts of insurance, were under review, we hold that the Civil Code, §2140, is not violative of section 1 of the fourteenth amendment to the Federal constitution. While the present ruling is in conflict with the case of *Phenix Ins. Co.* v. *Hart,* supra, and the case of *Phœnix Ins. Co.* v. *Schwartz,* 115 *Ga.* 113 (41 S. E. 240, 57 L. R. A. 752, 90 Am. St. R. 98), in which the *Hart* case was followed, we are not required to formally overrule these cases, the decision in the former having been rendered by five, and in the latter by four Justices; but these cases, being in conflict with the decisions of the Supreme Court of the United States as to the proper construction of the Federal constitution, can no longer be followed by this court. We also hold that this section of our code does not contravene any of the above-named provisions of our State constitution. It follows that the special demurrers of the defendant attacking its validity were improperly sustained by the court below.

The judgment of the court in dismissing the petition upon demurrer was error, and is     *Reversed. All the Justices concur.*