## WOODALL *v.* FIDELITY AND CASUALTY COMPANY.

Where a health-indemnity policy provided for liability of the insurance company for a specified amount per week during the disability of the assured resulting from certain diseases for a period not exceeding 26 weeks, and that the medical adviser of the company had the right to examine the assured during such disability, and further provided that immediate notice should be given the company of any disease causing such disability, and of the full name and address of the assured, *held:* Where the disability continues for the full period of 26 weeks, and there is a failure to give such notice during such period, and no excuse for such failure is given, there can be no recovery on account of such disability.

Argued May 19,—Decided November 14, 1908.

Action upon insurance policy. Before Judge Ellis. Fulton superior court. September 25, 1907.

*J. F. Golightly,* for plaintiff.

*Slaton & Phillips,* for defendant.

Holden, J. The plaintiff brought suit against the defendant, a corporation of the State of New York, with its main office located in the City of New York, on a policy of insurance issued by the defendant to the plaintiff's husband, alleging that on the 10th of April, 1906, her husband was afflicted with cirrhosis of the liver, which totally disabled him from performing any of the duties of his occupation from that time to the 16th of November, 1906, when he died. Within three weeks thereafter she went to the person in charge of the company's business in Atlanta, and informed him of the disability above named and the liability of

the defendant. He afterwards furnished her a blank on which to make out a claim of loss, which she filled out, making out her claim, proof of loss, and notice of disability. He stated he would attend to the matter. The policy attached to the petition provided that if the assured suffered from cirrhosis of the liver, or other specified diseases, which disabled him from performing any duty pertaining to his occupation, the company would pay to him a weekly indemnity of $25 per week during the period of such disability during which he was necessarily confined to the house, "for not less than 7 consecutive days and not exceeding 26 weeks." The policy further provided as follows: "Any medical adviser of the company shall be allowed to examine the person or body of the assured in respect to any alleged disease or illness in such manner and at such times as he may require. Immediate written notice must be given the company at New York City of any disease or illness for which a claim is to be made, with full particulars thereof, and full name and address of the assured. Affirmative proof of duration of disability must also be furnished to the company within two months from the termination of disability. . . An agent has no authority to change this policy or to waive any of its provisions, nor shall notice to any agent or knowledge of his or any person be held to effect a waiver or change in this contract or in any part of it. No change whatever in this policy and no waiver of its provisions shall be valid unless an endorsement is added hereto signed by the president or vice-president or one of the secretaries of the company expressing such change or waiver." The plaintiff claimed that under the terms of the policy she was the beneficiary thereof, and brought suit to recover the indemnity provided for of $25 per week for 26 weeks. To the petition the defendant filed a demurrer, and to the order of the court sustaining the demurrer and dismissing the petition the plaintiff filed exceptions.

1. One of the grounds of demurrer was that the petition set forth no cause of action; and another ground of demurrer was that the "provisions as to notice were not complied with, nor was there any excuse therefor, the said violation and the absence of excuse therefor appearing from plaintiff's declaration." The requirement in the policy that immediate written notice must be given the company at New York City, of any disease or illness for

which a claim is to be made, is of the essence of the contract and must be complied with before any recovery can be had. Employers' Liability Assur. Corp. Lim. *v.* Light, Heat and Power Co., 28 Ind. App. 437 (63 N. E. 54) ; London Guarantee & Accident Co. Lim. *v.* Siwy, 35 Ind. 340 (66 N. E. 481) ; *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216) ; *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704). The requirement that immediate notice be given must be held to mean that notice must be given within a reasonable time after the insured became afflicted with the disease from which the disability resulted, and the question here involved is whether or not the notice was given the company in such time. There is no allegation in the petition that any notice whatever was given until three weeks after the death of the assured, which occurred on the 16th of November, 1906. The disability began on the 10th of April, 1906, and the 26 weeks for which the company contracted for liability on account of disability expired on the 9th of October, 1906. Hence no notice of the existence of the disease from which the disability resulted was given until after the expiration of the 26 weeks which was the maximum period of disability for which the company contracted to pay. It is the general rule that the question as to what is a reasonable time in which a notice of this kind can be given is one for the jury. *Southern Fire Ins. Co.* v. *Knight,* and *Harp* v. *Fireman's Fund Ins. Co.,* supra. But can it be said that, under all the provisions of this policy, notice was given within a reasonable time, when it was not given until after the expiration of the longest period of disability for which the company contracted to be liable, and no excuse for such delay is given? In 4 Cooley's Ins. Briefs, 3570, appears the following: "Employers' liability policies very generally contain a requirement that the insured shall furnish immediate notice, both of any accident by which the insured may be rendered liable, and of any claim against the insured arising therefrom. These provisions are valid and of the essence of the contract, being designed to enable the insurer to investigate the circumstances of the accident while the matter is yet fresh in the minds of all, and to make timely defense against any claim filed. They are, therefore, usually given a more liberal construction in favor of the company than the requirement for notice and proof of loss under an ordi-

nary fire policy, which can only become effective after the company's liability has already been fixed." And the following statement is made in the same work, on p. 3573: "The purpose of the notice of the accident and claim has been deemed a proper element to be considered in determining what will or will not be a reasonable time for its production." This reasoning is applicable to a contract of the kind under investigation, which is similar to the one referred to in the text, and the purpose for which the insurer requires notice to be given is the same in both instances. In the paragraph immediately preceding the requirement that immediate notice be given of any disease for which a claim is to be made, the policy provides that any medical examiner of the company shall be allowed to examine the person or body of the insured in respect to any disease or illness in such manner and at such times as he may require. The cardinal rule for construing contracts is to ascertain the intention of the parties; and in view of these provisions of the policy, it was certainly not in contemplation of the parties that the notice referred to should be delayed beyond the full period of time for which the company might be liable. It would be unfair to the company to wait until this full time had expired before giving it any notice. Certainly it was not contemplated by the company that it should incur the extreme liability to which it could be subjected without any notice that such liability was accruing and would be claimed against it, and thus be precluded from the opportunity of making any investigation of the subject-matter on which the claim would be based until the liability had existed for 26 weeks and terminated, when an investigation would prove of little value. Insurance companies cover many subjects, and can not be supposed to keep themselves advised of the condition of the various risks insured; and in order that they may be made aware that one of the persons insured has incurred a disability from a disease for which it will be sought to hold them liable, the provision requiring immediate notice is made a part of the contract. The company is entitled to this notice, not only that it may see that the claim is a legitimate one with respect to the duration of disability, but that it may also assure iself that it arises from one of the diseases which is covered by the policy which the claimant holds. Whatever may be the rule where the disability covers a less period of

time than the full period for which the company would be liable, or where such period covers only a short time, we are clear that it is unreasonable for the assured to withhold, without any excuse therefor, such notice during an illness covering the long period of 26 weeks constituting the full period of disability for which the company contracts to becomes liable.

The policy provides not only that notice of the disability must be given, but that notice of the full name and address of the assured at the time of the disability must be given to the company. This fact, together with the further fact that any medical adviser of the company shall be allowed to examine the person or body of the insured, shows that the main object of requiring the notice was to give an opportunity to the medical adviser of the company to make an examination of the insured and keep track of the time of duration of disability. Knowing that $25 per week was to be claimed, and knowing, too, that the contract gave the company the right to have its medical adviser examine the assured, and provided for immediate notice to the company of any illness for which a claim would be made, it would certainly be unfair to the company and in violation of the contract not to give the notice during this long period of disability—which was the full period of time for which the company contracted liability. No excuse whatever is offered in the allegations of the petition why the notice was not given during this time.

The facts alleged could not constitute a waiver of the notice by the company, in view of the provisions of the policy; even if, in the absence of such provisions, they could amount to such waiver, occurring, as they did, after the expiration of the time in which the notice was to be given.

*Judgment affirmed. All the Justices concur.*