## THIRD NATIONAL BANK OF COLUMBUS *v.* FIDELITY AND DEPOSIT COMPANY.

Where a fidelity company entered into a bond to indemnify a bank against loss which it might incur through the dishonesty of a named employee or through any act of omission or commission on his part done or omitted in bad faith in the performance of any duty or trust assigned to him, and among the stipulations and conditions of the bond were that there should be no liability on the part of the company unless the

act of default causing loss occurred before the expiration of the bond or of its continuance and unless such loss should be discovered during such designated term or within one year after the expiration thereof, and that claim for loss should be made promptly after knowledge thereof, and that no suit should be maintained on the bond unless commenced within one year from the time of making claim thereon, the company was not liable for losses incurred in consequence of the default and dishonesty of the employee which were not discovered until more than nine years after the expiration of the bond and its continuances, although claim was then made promptly therefor and action upon the bond brought at once.

APRIL 14, 1916.

Action upon bond. Before Judge Gilbert. Muscogee superior court. March 27, 1914.

The Third National Bank of Columbus, Georgia, in its petition filed on October 13, 1914, against the Fidelity & Deposit Company of Maryland, alleged that through dishonest appropriation by a named paying teller and general bookkeeper the bank had sustained losses aggregating the sum of $2,549.16 during the years 1901, 1902, 1903, and 1904, as per itemized statement attached to the petition, while said paying teller was in the bank's employment and in the discharge of his duties; and sought a recovery of said sum from the defendant upon certain fidelity bonds executed by the employee as principal and the defendant as surety; the first bond being dated January 17, 1898, running for one year, but by renewals continued in force until January 17, 1902; and the second bond, dated January 21, 1903, and by renewals continued in force until January 10, 1905. Among the stipulations and conditions of the bond were the following:

"Now, therefore, for and in consideration of a stipulated premium, paid or agreed to be paid by the Employer, the Fidelity & Deposit Company of Maryland, a corporation existing under and by virtue of the laws of the State of Maryland (hereinafter desig-. nated the "Company"), hereby covenants and agrees to and with the Employer that it will, at the expiration of three months after proofs of loss shall have been furnished to the Company, pay to the Employer the amount of any loss or damage that shall happen to the Employer, in respect of any funds, property, or estate belonging to or in custody of the Employer, through dishonesty of any of the Employees, or through any act of omission or commission of any of the Employees, done or omitted in bad faith and

not through mere negligence, incompetency, or any error of judgment, and whether such dishonesty or such act of omission or commission occurs in the performance of any duty or trust specially assigned to such Employee or occurs otherwise; subject, however, to the following provisions and agreements:

"1. There shall be no liability hereunder on the part of the Company unless the act of default through which such loss may happen shall, . . in respect of all Employees, occur prior to or on [the date of the expiration of the bond, as orginally written for one year], or prior to or on any other date to which the Bond may be continued.

"2. There shall be no liability hereunder on the part of the Company unless such loss or damage shall be discovered during such designated term, or within one year after the final expiry (as determined by the term herein specified and any and all continuances) of this Bond, or of any engagement hereunder in respect of the Employee causing a loss.

"18. The Employer shall give notice in writing to the Company, promptly after knowledge thereof by the Employer, of any loss in respect of which liability of the Company is claimed, and shall within six months thereafter furnish the Company proof of such loss; and in default thereof the liability of the Company therefor shall terminate.

"22. No action, suit, or proceeding at law or in equity shall be had or maintained on this Bond, unless the same shall be commenced within one year from the time of making claim upon the Company for the loss in respect of which such action, suit, or proceeding is based, or in the event that an action, suit or proceeding so commenced shall be discontinued or dismissed without trial upon the merits, unless further action, suit, or proceeding shall be commenced within thirty days after such discontinuance or dismissal."

It was set forth in the petition as amended, that the dishonest acts of the employee, causing petitioner's loss, were not discovered by petitioner until on or about the 13th day of May, 1914; that on that date petitioner gave to the defendant the notice required by the terms of the bond, and filed its claim with full particulars; and that the named principal on the bond was not made a party defendant, for the reason that he was insolvent. The defendant filed

its general demurrer, which was sustained, and the plaintiff excepted.

*Frank U. Garrard* and *A. S. Bradley,* for plaintiff.

*A. W. Cozart,* for defendant.

BECK, J. (After stating the facts.) In view of the ample discussion of the law applicable to the facts set forth above, contained in the case of *Mayor etc.* v. *Harvey,* 114 *Ga.* 733 (40 S. E. 754), no elaboration of the ruling made in the headnote is necessary. See, in the same connection, the case of Ballard County Bank's Assignee v. U. S. Fidelity &c. Co., 150 Ky. 236 (150 S. W. 1, Ann. Cases 1914C, 1208, 1211).

*Judgment affirmed. All the Justices concur.*