15847.   PENN MUTUAL LIFE INSURANCE CO. *v.* MILTON.

1. Where a policy of life-insurance contained the following provisions:
"If after one year's premium shall have been paid on this policy
and before default in the payment of any subsequent premium the in-
sured shall furnish to the company due proof that, prior to the
maturity of this policy and before attaining the age of sixty, he has
become wholly disabled by bodily injury or disease so that he is and
thereby will be permanently and continuously unable to engage in
any occupation whatever for remuneration or profit, and that such
disability has existed continuously for not less than sixty days prior
to the furnishing of proof, thereupon the company will grant the
following benefits: *a. Waiver of Premium*—The company by en-
dorsement hereon shall waive the payment of the premiums which
thereafter may become due under this policy during the continuance
of the said total disability of the insured. In making any settlement
under this policy the company shall not deduct any part of the
premiums so waived, and the non-forfeiture values of this policy shall
increase from year to year in the same manner as though any
premium waived under this provision had been paid in cash. *b. An-
nuity Payment*—Furthermore, the company will pay to the insured
each month fifty dollars, being a sum equal to one per cent. of the
face of this policy, the first monthly payment to be made six months
after receipt of due proof of said total disability accompanied by this
policy for endorsement, and subsequent payments monthly thereafter
during the continuance of said total disability of the insured and
prior to the maturity of this policy. The amount payable at the
maturity of this policy shall not be reduced by any payments made
under this disability provision."

*Held:* A "disability which lasted sixteen months and from which the
insured has recovered is a permanent disability within the meaning
of the provisions of the policy." See instructions by the Supreme
Court in answer to questions certified. *Penn Mutual Life Insurance
Co.* v. *Milton,* 160 *Ga.* 168 (127 S. E. 140).

2. But under the provisions of the policy the insurer would not be liable
for the monthly payments on account of the disability, in the absence
of a waiver, unless proof of the disability was submitted during the
existence thereof, nor until the expiration of six months thereafter.
It was a further condition of the defendant's liability that the proof
should show the then present fact of the disability and its previous
existence for a period of sixty days. The petition being silent as
to the date when the proof was furnished, and failing to show the
material facts contained therein, and having alleged only in general
terms that the plaintiff had become wholly disabled, "so that he
was permanently and continuously unable to engage in any occupa-
tion whatever for remuneration or profit" for the period for which
his claim was asserted, and that he had "filed proof of his total and
permanent disability, as required by the terms of said policy, and
petitioner's claim comes within the terms and provisions of said
policy, and petitioner is justly entitled to the amount which he claims
of defendant," the petition was subject to the objections, raised by

demurrer, that it failed to show by facts alleged how long the plaintiff's disability continued after he had furnished the required proof of his disability, and, therefore, failed to establish his right to recover any certain sum; that the date of the furnishing of the proof was not alleged; that the averment that he had furnished proof of disability as required by the policy was a mere conclusion of the pleader; and that the petitioner does not, except by conclusions, know, from what bodily disease the plaintiff was suffering, or wherein or how he had become wholly disabled so as to entitle him to maintain the action.

3. Mere conduct on the part of the insurer, claimed as a waiver or estoppel, can not have that effect if a forfeiture had already taken place or if liability could never have been fixed under the policy. Accordingly, if the plaintiff did not submit proof of disability according to the requirements of the policy, or, even though he did so, if the disability did not continue thereafter for the period of six months, nothing being shown as a waiver or estoppel occurring in the meantime, his claim for the particular disability expired; and, if so, it was not revived by anything contained in the defendant's letter written thereafter as set forth in the petition.

DECIDED APRIL 11, 1925.

Complaint; from Cook superior court—Judge Dickerson. July 19, 1924.

Penn Mutual Life Insurance Company, on August 10, 1920, issued a policy of insurance in the sum of $5,000 upon the life of Edgar B. Milton, payable at his death to his wife in case she survived him; otherwise to his estate. The policy, however, contained certain provisions upon which the insured brought the present action for the recovery of $800. These provisions were as follows:

"If after one year's premium shall have been paid on this policy and before default in the payment of any subsequent premium the insured shall furnish to the company due proof that, prior to the maturity of this policy and before attaining the age of sixty, he has become wholly disabled by bodily injury or disease so that he is and thereby will be permanently and continuously unable to engage in any occupation whatever for remuneration or profit, and that such disability has existed continuously for not less than sixty days prior to the furnishing of proof, thereupon the company will grant the following benefits:

"*a.  Waiver of Premium*—The company by endorsement hereon shall waive the payment of the premiums which thereafter may become due under this policy during the continuance of the said total disability of the insured. In making any settlement under this policy the company shall not deduct any part of the premiums

so waived, and the non-forfeiture values of this policy shall increase from year to year in the same manner as though any premium waived under this provision had been paid in cash.

"*b. Annuity Payment*—Furthermore, the company will pay to the insured each month fifty dollars, being a sum equal to one per cent. of the face of. this policy, the first monthly payment to be made six months after receipt of due proof of the said total disability, accompanied by this policy for endorsement, and subsequent payments monthly thereafter during the continuance of said total disability of the insured and prior to the maturity of this policy. The amount payable at the maturity of this policy shall not be reduced by any payments made under this disability provision."

After alleging the execution of the policy and setting forth the provisions stated above, the petition proceeded as follows:

"4. (*d*) Petitioner shows that after one year's premium had been paid on said policy and while said policy was in full force and effect, on December 24, 1921 (when petitioner was forty-six years of age), he became wholly disabled by bodily disease, so that he was permanently and continuously unable to engage in any occupation whatever for remuneration or profit for the full period of sixteen months, i. e. until April 24, 1923, as herein alleged.

"5. Petitioner further shows that he has furnished to defendant proof of his said disability, as required by said policy, and that defendant has failed and refused to recognize and pay his claim, although, as petitioner alleges, justly liable therefor.

"6. Defendant refused to pay petitioner's claim upon the ground that he had not been totally and permanently disabled, this refusal of defendant being contained in defendant's letter to petitioner's attorneys, dated October 20, 1923, and reading as follows: 'In answer to your letter of October 12th, regarding the case of Edgar B. Milton, Policy No. 943084, we wish to advise that our reason for not approving the applicant's claim for disability in this case was due to the fact that the clause provides that the. disability provision will be effective if the applicant becomes *totally and permanently* disabled. The fact that Mr. Milton has since recovered and is able to get around is prima facie evidence that he was not totally and *permanently* disabled. We should be very glad, however, to have you submit whatever evidence you have

from the doctors you name as to the degree of Mr. Milton's disability and the length of time.'

"7. Petitioner has filed proof of his total and permanent disability, as required by the terms of said policy, and petitioner's claim comes within the terms and provisions of said policy, and petitioner is justly entitled to the amount which he claims of defendant, besides interest thereon, and defendant has failed and refused to pay said claim."

Paragraphs 8 and 9 related to the claim for attorney's fees and damages.

The defendant demurred upon thirteen grounds. The court sustained grounds 12 and 13, as to insufficiency of the allegations for the recovery of attorney's fees and damages, and also ground 6 in which it was contended that if the plaintiff was entitled to recover anything, he could not recover more than $500, since he alleged a disability of only sixteen months, and under the terms of the policy the company would not be liable for the monthly payments until "after the first six months of disability." All other grounds of demurrer were overruled. The petition was thus allowed to stand as a suit for $500 and interest. The defendant excepted.

The grounds of demurrer not sustained were all general in nature, merely urging that for various reasons the petition failed to set forth a cause of action, with the exception of grounds 5, 9, 10, and 11, which were as follows:

"5. The petition fails to show by the facts alleged how long the disability of the plaintiff continued after he had furnished due proof of such disability, if any existed, and therefore fails to establish his right to recover any certain sum for such disability."

"9. Defendant demurs especially to paragraph 4, subsection d, of the petition, upon the ground that the same does not show from what bodily disease the plaintiff was suffering, and does not show wherein and how he had become wholly disabled from bodily disease so as to entitle him to recover under the provisions of said contract of insurance, the allegations in said paragraph being mere conclusions of the pleader and not setting forth the facts upon which the same were based."

"10. Defendant demurs especially to paragraph 5 of the petition, because the same fails to allege when the plaintiff furnished to the defendant proof of his disability," etc.

"11. The defendant demurs to the allegations of the seventh paragraph upon the ground that the same are mere conclusions of the pleader and that there are no facts to sustain the conclusions of the pleader that the proof as filed by him was proof of any total and permanent disability as required by the contract of insurance."

*Randolph & Parker, Branch & Snow,* for plaintiff in error.

*Bryan & Middlebrooks, H. W. Nelson,* contra.

BELL, J. (After stating the foregoing facts.)

1. Construing the plaintiff's allegations most strongly against him, as must be done on demurrer, it appears that the alleged disability terminated on April 24, 1923, and thus lasted for a period of only sixteen months. The defendant has urged that the petition, therefore, shows upon its face that the plaintiff was never "permanently" disabled within the meaning of the policy. Upon this point we certified certain questions to the Supreme Court, and in the answers have been instructed as follows: "Where provisions of a policy of life-insurance provide that if the insured, after one year's premium shall have been paid and before default in the payment of any subsequent premium, shall furnish to the company due proof that, prior to the maturity of the policy and before attaining the age of sixty, he has become wholly disabled by bodily injury or disease, so that he is and thereby will be permanently and continuously unable to engage in any occupation whatever for remuneration or profit, and that such disability has existed continuously for not less than sixty days prior to the furnishing of proof, the company will waive the payment of the premiums which may thereafter become due under the policy during the continuance of such total disability, and will pay to the insured each month fifty dollars, the first monthly payment to be made six months after the receipt of due proof of the said total disability, during the continuance of such total disability of the insured and prior to the maturity of the policy, a disability which has lasted for sixteen months and from which the insured has recovered is a permanent disability within the meaning of the provisions of the policy." 160 *Ga.* (127 S. E. 140).

2. We are nevertheless of the opinion that the petition was subject to certain grounds of the demurrer. It is urged in ground 5 that "the petition fails to show by the facts alleged how long the disability of the plaintiff continued after he had furnished due

proof of such disability, if any existed, and therefore fails to establish his right to recover any certain sum for such disability." We agree with this contention. In the absence of a waiver of proof of disability as required by the terms of the agreement, the insurer would not be liable for the monthly payments until the expiration of six months after the submission of such proof, and the petition does not definitely show when the proof was submitted, nor what period, if any, elapsed subsequently to the making thereof. Unless proof of the disability was given to the company more than six months before the disability terminated, or was waived, the insurer's liability for the monthly payments never attached. Thus, the petition was defective in the respect indicated in the demurrer, in that it failed to show "by facts" for what certain sum, if for anything, the company had become liable. *National Life Insurance Co.* v. *Jordan, 21 Ga. App.* 647 (1) (94 S. E. 862), and citations; *Woodall* v. *Fidelity & Casualty Co.,* 131 Ga. 517 (62 S. E. 808).

We think, furthermore, that the provisions of the policy in this case required that the proof should be furnished during the existence of the disability, because it is stipulated that the proofs shall show that the plaintiff has become disabled "so that he is, and thereby will be, permanently and continuously disabled," etc. The plaintiff alleged in general language that he "filed proof of his total and permanent disability as required by the terms of said policy;" and this would imply that the proof embodied all the facts necessary to be stated therein under the stipulations of the agreement. But the defendant was entitled, upon special demurrer calling for the information, to have the plaintiff allege when the proof was made, and to have a complete statement of the substantial facts upon which the plaintiff declared that the proof was made in compliance with the policy. The substance of the proof of disability ought to have been shown, instead of the mere general statements of the petition that it had been made in terms of the policy, in order that the court might determine whether the plaintiff really had a cause of action. The plaintiff could not recover if he waited until his disability had ceased before furnishing the proof, and, as we have seen above, the insurer would not be liable for anything unless the proof was submitted more than six months before the discontinuance of the disability.

In so far as grounds 10 and 11 of the demurrer, which were

special in nature, called for the date of the furnishing of the proof of disability and the material facts contained therein, they should have been sustained.

The headnote in *Woodall* v. *Fidelity & Casualty Co.*, supra, is as follows: "Where a health-indemnity policy provided for liability of the insurance company for a specified amount per week during the disability of the assured resulting from certain diseases for a period not exceeding 26 weeks, and that the medical adviser of the company had the right to examine the assured during such disability, and further provided that immediate notice should be given the company of any disease causing such disability, and of the full name and address of the assured, *held:* Where the disability continues for the full period of 26 weeks, and there is a failure to give such notice during such period, and no excuse for such failure is given, there can be no recovery on account of such disability." It was stated in the opinion in that case that the "requirement in the policy that immediate written notice must be given the company at New York City, of any disease or illness for which a claim is to be made, is of the essence of the contract and must be complied with before any recovery can be had."

A failure to furnish proof of disability during its continuance might render it impossible for the company to make a fair investigation of the circumstances of the claim, and the condition that the proof should show that the insured was disabled at the time goes to the essential requisites of the proof as stipulated for, and does not relate merely and solely to the time of its submission. Conditions or provisions of this character are "usually given a more liberal construction in favor of the company than the requirement for notice and proof under an ordinary fire policy, which can only become effective after the company's liability has already been fixed." 4 Cooley's Ins. Briefs, 3570, quoted approvingly in the *Woodall* case, supra. See also *Graham* v. *Niagara Fire Ins. Co.*, 106 *Ga.* 840 (1) (32 S. E. 579) ; *Finleyson* v. *Liverpool &c. Ins. Co.*, 16 *Ga. App.* 51 (84 S. E. 311) ; *Great Eastern Casualty Co.* v. *Reed,* 17 *Ga. App.* 613 (2) (87 S. E. 904) ; *Ermentrout* v. *Girard Fire Ins. Co.*, 63 Minn. 305 (65 N. W. 635, 30 L. R. A. 346, 56 Am. St. Rep. 481) ; 29 C. J. 282, § 8.

Nothing said herein is in conflict with anything held in the first division of the decision of the Supreme Court in *Southern Fire*

*Insurance Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216).

The petition was also subject to the objection made in the ninth ground of the demurrer, in that it is not shown from what bodily disease the plaintiff was suffering, nor wherein nor how he had become wholly disabled so as to entitle him to the benefits claimed, the only allegations with respect to the existence of the disability being contained ·in paragraphs 4 (*d*) and 7 of the petition, and made as mere conclusions of the pleader. *Parten* v. *Jefferson Standard Life Ins. Co.,* 30 *Ga. App.* 245 (2) (117 S. E. 772).

3.　Nothing we have said is altered by the fact that the defendant, on October 20, 1923, in a letter to the plaintiff's attorneys, stated that it had declined to pay the claim because it appeared therefrom, as the defendant believed, that on account of the plaintiff's having recovered, he had not been totally and permanently disabled within the meaning of the policy. It is well settled that where a proof of loss is submitted under ·an insurance policy, if the insurer does not return it within a reasonable time, pointing out any deficiencies therein, so that the insured may have an opportunity of supplying the necessary corrections, the insurer will be held to have accepted the proof as sufficient within the terms of the policy, and that an objection to the proof upon one or more grounds only may amount to a waiver of other defects therein (see *Alston* v. *Phenix Ins. Co.,* 100 *Ga.* 287 (2), 27 S. E. 981; *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765 (5), 38 S. E. 67; *Great American Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784 (1), 76 S. E. 159; *Stanley* v. *Sterling Mutual Life Ins. Co.,* 12 *Ga. App.* 475 (2), 77 S. E. 664; *Bailey* v. *First National Fire Ins. Co.,* 18 *Ga. App.* 213 (3), 89 S. E. 80; *Williams* v. *Atlas Assurance Co.,* 22 *Ga. App.* 661 (1, 2), 97 S. E. 91; Ætna Life Ins. Co. *v.* Anderson, 75 N. H. 375, 74 Atl. 1051, 28 L. R. A. (N. S.) 730, 735; 26 C. J. 401, § 514) ; and also that an absolute refusal to pay will ordinarily operate as a waiver of a performance by the insured of the preliminary act of furnishing the proof (Civil Code of 1910, § 2490; *Moore* v. *Dixie Fire Ins. Co.,* 19 *Ga. App.* 800, 92 S. E. 302; 3 Cooley's Ins. Briefs, 2681) ; yet these principles have no application if a forfeiture has already taken place and the contract has become a "dead letter." In *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (4) (61 S. E. 704, 14 Ann. Cas. 299), the Supreme Court held:

"An absolute refusal by the insurer to pay, made before the expiration of the reasonable time within which the insured must furnish such proofs, will be a waiver thereof; but such refusal made after such reasonable time has expired will not be a waiver of such proofs." See also *Insurance Co. of North America* v. *DeLoach,* 3 *Ga. App.* 807, 812 (61 S. E. 406) ; *Volunteer State Life Ins. Co.* v. *McGinnis,* 29 *Ga. App.* 370 (115 S. E. 287), and citations; *Finleyson* v. *Liverpool &c. Ins. Co.,* supra. Although in the instant case there is no question as to reasonable time, as was true in the *Harp* case, the principle there enunciated is applicable.

According to the allegations of the petition, the plaintiff's disability had ended several months before the writing of this letter by the insurer. As we have seen above, if he had not submitted proof of disability, according to the requirements of the policy, during the existence of his disability and six months prior to its termination, nothing amounting to a waiver or estoppel having occurred in the meantime, his claim for the particular disability had already been lost, and, having expired, was not revived by anything contained in the defendant's letter. Under the doctrine of the *Harp* case, no other conclusion is possible with respect to the effect of this letter, although in some other jurisdictions it might amount to a waiver. See cases cited in 1 Corpus Juris 480, § 203.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*