## UNION DRY GOODS CO. *v.* NATIONAL SURETY CO. *et al.*

No. 10963. FEBRUARY 27, 1936. REHEARING DENIED MARCH 14, 1936.

*Crenshaw, Hansell & Gunby, Ryals, Anderson & Anderson, John H. Boman Jr.,* and *R. M. Striplin,* for plaintiff.

*Robert S. Sams* and *Colquitt, MacDougald, Troutman & Arkwright,* for defendants.

GILBERT, Justice. The Union Dry Goods Company, a corporation, filed a suit against National Surety Company, a corporation of New York, to recover on a policy of indemnity insurance, dated August 25, 1913, obligating the insurer to make good any loss occasioned by acts of personal dishonesty, etc., on the

part of certain named employees of the plaintiff, among whom was one Johnston, the amount of the liability assumed as to him being $5000. While the suit was pending a receiver was appointed to take charge of the securities of the National Surety Company in the hands of the treasurer of this State, as well as other assets in the State, and to administer them for the benefit of its Georgia creditors. By consent the petition of the Union Dry Goods Company was allowed as its intervention in the receivership case; and on objection to the allowance the matter was referred to an auditor. At the hearing before the auditor counsel for the receiver made a motion to dismiss the intervention. The auditor found the material facts to be as follows: "This intervention is based upon the original petition of the Union Dry Goods Company v. National Surety Company, in which petitioner alleged it suffered a loss of more than $5000 as a result of the personal dishonesty, theft, larceny, etc., of one of its employees who was bonded by the National Surety Company in the amount of $5000. The petition alleges that the bond was in full force and effect from August 15, 1913, until the 15th day of August, 1926, and that it was during this time that the acts of personal dishonesty, etc., of said employee occurred, but that petitioner did not discover said acts of dishonesty until the 23rd day of February, 1931, and that within ten days after said discovery petitioner notified said National Surety Company in compliance with the terms of its bond with said company, and that within ninety days after the discovery of said losses petitioner filed with said Surety Company an itemized statement thereof in compliance with the terms of its bond. A copy of the bond in question is attached to petitioner's complaint. As this matter will be dismissed on the pleadings, it is not necessary to set forth additional facts in this report, but reference is made to the original pleadings in this case. Upon the hearing of this intervention before the auditor counsel for the receiver made a motion to dismiss said intervention. . . The essential features of the bond are that it provides: Surety, . . during each and every year that this bond shall continue in force, hereby agrees to make good . . any loss . . committed after the 15th day of August and before the termination of this bond; provided that the employer . . shall have notified the surety . . within ten days

after becoming aware of any such act or facts indicating such act (that is embezzlement) by any of said employees, or any such loss, and shall have, within ninety days after discovery of any such loss, filed with the surety an itemized statement of such loss. . . The liability of the surety hereunder shall immediately terminate as to subsequent acts of any employee (a) upon discovery by the employer of any default hereunder by such employee; (b) any employee leaving the service of the employer; (c) thirty days after receipt by the employer of written notice from the surety of its desire to terminate same as to any or all of said employees. Upon termination of this bond by discovery of default on the part of any employee, the premium paid as to such employee shall be deemed fully earned. Any claim against the surety hereunder must be duly presented to the surety within six months after the date of termination of the surety's liability hereunder for any reason, and no action or proceeding can be brought hereunder unless begun within two years after the employer shall have given notice of such claim."

Whether the right of action was barred because of a failure to give notice of a claim within six months after termination of liability depends upon a construction of the above stipulation. On the foregoing finding of facts the auditor ruled that the motion to dismiss should be sustained, and the claim be disallowed. The Union Dry Goods Company filed timely objections to the auditor's conclusion of law, but none as to his finding of facts. The order sustaining the motion to dismiss was sustained by the court, and the petitioner excepted. Counsel for both sides present helpful briefs, indicating an exhaustive search for precedents, and citing with fairness the result of such inquiries. Both briefs show that there is no controlling decision of this court. *Mayor &c. of Brunswick* v. *Harvey,* 114 *Ga.* 733 (40 S. E. 754), and *Third National Bank of Columbus* v. *Fidelity & Deposit Co.,* 145 *Ga.* 123 (88 S. E. 584), are cited as throwing some light on the question. Those cases turned on different provisions in the contract. A number of cases from other States are cited, but none of them need be discussed or named here, except two, shown in both briefs as leading decisions holding contrary views. These are First National Bank *v.* National Surety Co., 228 N. Y. 469 (127 N. E. 479), dealing with the identical provision that is

now before us, and Cary *v.* National Surety Co., 190 Minn. 185 (251 N. W. 123), dealing with a provision termed by counsel for the plaintiff as "exactly similar phraseology" as in this case. The New York case presents the sounder view. The opinion is too lengthy to be quoted in full, but reference is made to it, and especially to the statement therein that the writer of the opinion had "examined the opinion in every adjudicated case involving one of these policies discoverable" by him. From such thorough examination the court concluded that the terms of the policy were not uncertain and doubtful, and for that reason did not call for a construction most favorable to the insured. On the contrary, it was held that "the language before us in its clear and indisputable meaning excludes" the contention that there was a cause of action. Under a bond insuring an employer against breach of fidelity on the part of an employee, and requiring a claim to be presented to the surety within six months after the "date of the termination of the surety's liability," the claim is required to be presented within six months after termination of the insurance by expiration of the time for which the premium was paid. In addition to the reasons given in the New York case, another reason seems obvious. It is that an interpretation of the contract as insisted on by the insured would most likely destroy the business of the indemnity company. The contract was drawn by the insurance company. One is not presumed to intend that which would be destructive to his interest. If the contract is still binding on the surety, in a suit filed May 1, 1933, seeking a recovery for defalcations extending during the years 1924 to 1926, inclusive, the policy being effective from August 15, 1913, and expiring August 15, 1926, then no surety company could ever know what liabilities were outstanding. If a suit could be maintained six or seven years after expiration of the policy, why not after twenty or more years? The surety could never know when the liability would come to light, however remote in time the breach of fidelity might have occurred. Insurance companies are compelled by law to render official public statements as to their financial standing, their assets and liabilities. If a contract is binding under the circumstances named above, a surety company would not definitely ascertain and show its liabilities at required intervals.

In the brief of the plaintiff our attention is directed to the fact that the New York case mentioned above was decided by a divided bench, and especially directed to the decision of the lower court in the same case, 182 App. Div. 262 (169 N. Y. Supp. 774). A lengthy abstract of the latter decision is quoted in the brief. We have carefully read the quoted excerpt, and see nothing in it to alter the views expressed above. If lack of unanimity of the court is an infirmity, then the opinion rendered in the lower court is affected in the same way. In this instance that should have very little, if any, weight. Unlike the decisions of our own court, where a unanimous decision by six Justices is controlling, a decision of another State court is not controlling, whether unanimous or not. Decisions of the latter kind are gladly considered as an aid, the weight being dependent upon our view of the strength of the reasoning employed. The reputation of a court for strong and correct reasoning deservedly calls for respectful consideration, but it is the reasoning at last that persuades. With respect to the courts of last resort of the two States where the contrary views were expressed we make no distinction. Both enjoy splendid reputations. Our agreement with the New York case is because, judged by its reasoning, it presents the better view. The auditor's finding, as we think, was properly approved by the trial court. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

Movants request a rehearing for the purpose of curing a ruling by the court on a question of law other than and different from that already decided in this case. Plaintiffs in error, complying with a rule of this court, stated the issues of law involved in the case to be two in number. The first issue was the question concededly decided by this court, and the decision was accepted by movants. They insist, however, that the court did not decide the second question. That question was not decided by this court for the reason that the decision of the other question was considered to be controlling in this case. If a case should arise which involves the issue stated in the second question, and there were no facts such as are dealt with in the decision already rendered, it would be appropriate to decide the second question. In the present instance it would be useless. The decisions cited by movants, *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622

(36 S. E. 821, 42 L. R. A. 70, 78 Am. St. R. 216), *Harp* v. *Fireman's Fund Insurance Co.*, 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299), and *Columbian National Life Ins. Co.* v. *Miller*, 140 *Ga.* 346 (78 S. E. 1079, Ann. Cas. 1914D, 408), are not contrary to what is ruled in the opinion already rendered. The motion for rehearing is denied.