29179. EUBANK *v.* NEW YORK LIFE INSURANCE CO.

DECIDED NOVEMBER 22, 1941.

*William T. Ray, Carlisle Cobb,* for plaintiff.
*Bryan, Middlebrooks & Carter, Erwin & Nix, Howell Erwin Jr., H. A. Birchmore,* for defendant.

FELTON, J. Benjamin F. Eubanks sued the New York Life Insurance Company to recover total and permanent disability benefits alleged to be due under two policies sued on. The court directed a verdict for the company and the plaintiff excepted.

The provisions of the policies material to the issue involved are as follows: "Disability shall be considered total whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the insured's age at nearest birthday is sixty. Upon receipt at the company's home office, before default in payment of premium, of

due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been, totally disabled as above defined, the following benefits will be granted. . ." The allegations of the petition and the evidence showed that the plaintiff was totally disabled from June 26, 1940, to September 30, 1940. Since September 30, 1940, the plaintiff has not been disabled. On October 14, 1940, the plaintiff made a claim for benefits which showed that at the time of the filing of the claim and submission of proof of disability he had recovered and was no longer disabled. The plaintiff's contention is that since he was totally disabled for three consecutive months he is entitled to disability benefits for the three months he was disabled. This contention is without merit and it was not error to direct a verdict for the insurance company.

The policies are not ambiguous. The provisions in question provide for payments of benefits for total and permanent disability which lasts until the insured's death. Their purpose is to provide benefits for the insured while he is living. It is not always possible to determine in advance whether one will be disabled for life and inasmuch as the purpose of the provisions is to provide payments to the insured while living, provision was made for the payments to begin when proof could not be made that the insured would likely be disabled for life. Such was the purpose of the provisions in question here. They simply mean that where the proof of disability does not reasonably disclose that the disability will last for life, proof that it has lasted for three consecutive months, *and* still *exists* at the time proofs of disability are filed with the insurance company, shall be sufficient proof of total and permanent disability to require the beginning of the payments. The provisions do not mean that such proof is conclusive. It may be rebutted. Under the operation of these provisions it may be that a disability ceases before the death of the insured and that the result of payments is for a period less than the rest of the life of the insured, but this is due to the purpose and nature of the insurance and does not mean that payment must be made for partial disability or for total and permanent disability which has ceased to exist

before a proof of claim is filed. The reason for this is clear. If the insurance company could insist on waiting until the insured died to determine whether he would be disabled up to the time of his death the purpose of the disability provisions of the policies would be defeated. The provision in question simply provides a reasonable method of determining when the company's liability for payment for total and permanent disability begins. Obviously, if the insured has recovered at the time of filing his proofs of disability the payments should never begin. *Penn Mutual Life Ins. Co. v. Milton*, 33 *Ga. App.* 634 (127 S. E. 798).

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, J., concurs. Stephens, P. J., disqualified.*